24727. BRAZIEL *v.* THE STATE.

Decided June 14, 1935.

*Philip F. Etheridge, Thomas L. Moody,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

Guerry, J. The defendant, Frank Braziel, was jointly indicted with James Whitten, charged with the offense of arson. He was tried separately and convicted. A house at 188 Buena Vista Avenue in the City of Atlanta was discovered on fire at 1:15 a. m., on July 12, 1934. The house was undergoing repairs in charge of contractor James Whitten. The defendant, a negro, was a painter

in the employ of Whitten. The painting of the house, if there was any, had only started the afternoon before. The evidence showed that the fire started in the attic over the scuttle-hole in the kitchen and had burned a hole in the roof and the ceiling. It was extinguished by firemen. Several cans were found on the floor of the kitchen, one of which had been badly burned. The neck of this burned can had burned or melted off and was found up in the attic after the fire. The cans had contained linseed oil and turpentine used in painting. Several small pieces of burned paper were found in the attic. The house was not occupied, and the electric wiring was not connected with the current. The defendant and Whitten were arrested the next morning and told conflicting stories. The defendant made a full confession to the fire marshal and three other witnesses, and told that Whitten hired him and agreed to pay him $12 to go to the house that night and stick a match to some papers in the attic which he, Whitten, had arranged; "that it would be worth more to him burned up than to repair it or to have it painted." There was evidence showing that Whitten came to defendant's house the night of the fire and told defendant he had a job for him that night, and that defendant left his home at 11:30 p. m. and returned at 2 a. m.

The confession of the defendant was full and complete. There was evidence tending to corroborate this by the defendant's conduct the night of the fire. The chief contention made in the brief of counsel for the plaintiff in error is that there was not any independent proof showing the burning; that if nothing appears but the mere fact that the house was burned, the presumption is that the fire was the result of accident or some providential cause. We recognize that no universal rule can be laid down as to what proof is necessary to show the corpus delicti. Each case must be decided with reference to its own peculiar facts. The house burned in this case was not occupied; it was not connected with an electric current. The fire was in the attic at the scuttle-hole. A burned can, which had contained paint material, either linseed oil or turpentine or both, was found on the floor of the room beneath the hole burned in the ceiling, which was of beaver-board. The top of this can, which had been burned or melted off, was found in the attic. There was evidence that Whitten had already been paid more for the job of remodeling than the work then accomplished. Without any ex-

tended discussion or citation of authorities, we think the above evidence sufficient to show that the burning was the result of a criminal design, and not accidental or providential. Such criminal burning having been shown, the confession, which was also corroborated in some particulars, was sufficient to support a conviction.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, dissents.*

MacIntyre, J., dissenting. In the instant case, when the confessing of the accused is eliminated, the other evidence is not sufficient to show beyond a reasonable doubt that there was a wilful and malicious burning of the house destroyed by fire. "Before a person charged with a particular crime can be lawfully found guilty thereof, it is necessary to establish the corpus delicti. This can not be done by the mere extrajudicial confession of the accused. There must be aliunde proof of the corpus delicti." *Bines* v. *State,* 118 *Ga.* 320 (45 S. E. 376, 68 L. R. A. 33).