## 56774. SIMS v. THE STATE.

BANKE, Judge.

The defendant was convicted by jury of armed robbery and kidnapping. He now appeals the denial of his motion for new trial.

1. The defendant's enumeration of error based on the general grounds is without merit inasmuch as the evidence introduced at trial provided ample support for the verdict.

2. The assistant district attorney on direct examination of the arresting officer asked him whether the defendant had made any statement at the police station. The officer answered, "No, he didn't make any statement other . . .," at which point the defense attorney objected and moved for a mistrial. After inquiring into what the officer's remaining testimony would be, the trial judge denied the motion. The defendant enumerates as error the denial of this motion contending that the officer's response was an unconstitutional comment on his right to remain silent. See Doyle v. Ohio, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976); *DeBerry v. State,* 241 Ga. 204 (1) (243 SE2d 864) (1978).

The record shows that when questioning resumed, the officer testified that "He [the defendant] told me that he should have killed me back at the apartment." This

testimony would have followed the word "other" in his earlier testimony had the defense attorney not objected first. Thus, reviewing the officer's testimony in its entirety, it is evident that the defendant did not exercise his right to remain silent. The trial judge did not err, therefore, in denying the defendant's motion for a mistrial.

3. The judge charged the jury that "A person commits kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will. . . And you will review the evidence and if any one of those elements is not proved to your satisfaction and beyond a reasonable doubt, then you are required to find the defendant not guilty." Although he did not request such a charge, the defendant now enumerates as error the trial judge's failure to charge that consent of the victim is a defense to kidnapping.

The defendant admitted that he took the alleged kidnap victim from her apartment to the apartment where he lived with her stepdaughter, but denied the victim's allegations that she was taken against her will. Under these circumstances, a charge on consent would have done nothing more than point out what was already clear from the charges given the jury, i.e., that if the jury believed that there was a reasonable doubt as to whether the defendant transported the victim from one apartment to the other against her will, they should not find him guilty of kidnapping. Thus, assuming arguendo that a charge on consent should have been given, the omission of it was not reversible error in this case. Accord, *DeBerry v. State,* 241 Ga. 204 (2), supra.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1978 — DECIDED DECEMBER 5, 1978.

*B. L. Spruell,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, R. David Petersen, Assistant District Attorneys,* for appellee.