## 62582. MORRIS v. THE STATE.

DEEN, Presiding Judge.

Winford Morris appeals from the revocation of his probation after the trial judge found evidence that he had received stolen property.

1. The state did not impeach its own witness. The record shows that the judge ruled that the district attorney could not attempt to impeach a witness by asking her leading questions, but that he could refresh her memory as to statements made shortly after the alleged incident. The witness was then asked if she recalled an interview with Captain Ray. She replied that she did and that it was about some calculators. When asked if she recalled telling him about where the calculators went and how long they were at her house, she replied, "They were at my house about a week." She continued her testimony by recalling ". . . they was in the clothes basket. In the dirty clothes basket . . . He happened to leave one out . . . and didn't put it in the clothes basket." No objection was made to this testimony. As the trial judge was the trier of facts, it must be presumed that he has sifted the "wheat from the chaff" and selected only competent legal testimony unless it appears from the judgment that he considered testimony which should have been excluded. *Schenck v. State,* 128 Ga. App. 270 (196 SE2d 362) (1973). We find no such evidence.

2. The testimony of the accomplice was sufficiently corroborated. Such corroboration need not be sufficient to warrant a guilty verdict or prove all the material elements of the crime; it need only tend to connect the defendant with the crime charged and identify him as a participant. *Turner v. State,* 235 Ga. 826 (221 SE2d 590) (1976). Charles Lawson, an employee of the pawn shop where the stolen goods were found, testified that three black males entered the shop and that the man he dealt with was present in the courtroom. The rule of sequestration had been invoked and the only man present in the courtroom who was alleged to have been present in the pawn shop was Morris. He verified the accomplice's testimony that Morris had possession of the items and did not have any identification and that the third male (the accomplice's uncle) presented his identification and the ticket was made out in his name.

3. We find that the evidence in the record of theft by receiving property was sufficient to support the revocation of probation. The property was identified as stolen from Fort Valley College, that one of the calculators had a value of $211 and the other machine was worth over $400, that Morris hid the items at the home of Mrs. Harris and that they were pawned by the defendant for $43.75. Only slight evidence is required to authorize revocation. *McCarty v. State,* 146

Ga. App. 389 (246 SE2d 416) (1978).
*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 14, 1981.

*Bobby Bearden,* for appellant.
*Willis B. Sparks III,* District Attorney, *Thomas J. Mathews,* Assistant District Attorney, for appellee.