38917. SIMMONS et al. v. THE STATE.

CLARKE, Justice.

James Albert Simmons and Ronald Jones were convicted of the murder of Daniel Deshield following a bench trial in the Superior Court of Fulton County and sentenced to life imprisonment. They appeal.

The victim's roommate testified that the deceased, a homosexual, brought appellants to their apartment. The three men drank brandy and beer and smoked marijuana. The roommate only drank beer. He left for a job interview, planning to make a phone call from the pay phone in the parking lot. He met a friend in the parking lot and went to his apartment to make the call. When his friend said that two men were driving off in the victim's car, the roommate rushed to his apartment and found Deshield on the floor. Deshield subsequently died of gunshot wounds.

A neighbor in the downstairs apartment heard a scuffle and thud above, as if someone had fallen. She saw appellants run down the stairs and outside. She later heard the roommate run upstairs and then down again, within a very few minutes. She heard no noise upstairs during the time he was upstairs. Both the neighbor and the roommate positively identified the appellants.

1. The evidence in this case, viewed in the light most favorable

to the prosecution, is sufficient to convince any rational trier of fact of the presence of all the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The first enumeration of error is without merit.

2. In their second enumeration of error appellants complain that the court heard testimony from Officer Williams as to statements made by appellants to police. Additionally, appellants cite as error the fact that statements concerning appellants' fingerprints were not provided to them by the state in compliance with Code Ann. § 27-1302.

As noted above, the appellants were tried jointly in a bench trial, without a jury. The court, after what was essentially a Jackson v. Denno hearing as to the voluntariness of their statements, ruled them inadmissible. It is presumed that in his capacity as trier of fact the trial judge considered only legal evidence. *Morris v. State,* 160 Ga. App. 50 (285 SE2d 782) (1981); *Change v. State,* 156 Ga. App. 316 (274 SE2d 711) (1980).

3. Appellants moved for a mistrial after Officer Williams, in the course of the inquiry into the voluntariness of appellants' statements to police, testified that upon being presented with a waiver of counsel form, Appellant Jones indicated that he understood his rights and that this "was not the first time he'd seen one of those [forms]." The court remarked that the statement was "highly improper" but refused to grant the mistrial. There was no error in the court's refusal to grant a mistrial for the reason that it is presumed that in his capacity as trier of fact the court considered only legal evidence.

4. Finally, appellants assert as error the court's allowing the testimony of Mr. Pierre, a witness who was not on the witness list provided appellants pursuant to Code Ann. § 27-1403. The state points out that it had intended to call another witness rather than Mr. Pierre but discovered that the other witness was not present at the preliminary hearing concerning which the state required testimony. Counsel for one appellant was informed of the intention to use Mr. Pierre a week before trial, and the other counsel was informed before trial. The trial court, having offered to delay Mr. Pierre's testimony for a day to permit defense counsel to interview him, allowed the witness to testify. The court noted that defense counsel had not objected prior to trial and had indicated that they had interviewed Mr. Pierre and needed neither a recess nor a continuance. The purpose of Code Ann. § 27-1403 was satisfied by the court's offer to provide relief other than exclusion of the witness' testimony. Therefore, the court did not err in permitting the state to call Mr. Pierre. *Cates v. State,* 245 Ga. 30 (262 SE2d 796) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Vallerina F. Day, Carl P. Greenberg,* for appellants.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General, Victoria H. Soto, Staff Assistant Attorney General,* for appellee.