77393. IN THE INTEREST OF C. C. C.
(374 SE2d 754)

PER CURIAM.

Appellant, a minor child, was found to be delinquent and in need of supervision after a hearing in juvenile court. He was accused of Criminal Damage to Property in the Second Degree pursuant to OCGA § 16-7-23 in that he caused more than $100 in damage to a metal building.

The evidence showed that the eleven-year-old child was camping out in the backyard of a friend with four other boys when they decided to obtain some spray paint from the basement of a neighbor. The evidence showed that appellant did not participate in obtaining the paint, but that he did accompany the other boys to the metal building where the spray paint was applied to the exterior of the building and a concrete butment. The evidence is conflicting as to whether appellant participated in the painting episode. The other four boys had a separate hearing, as appellant's attorney had requested a severance. The court found C. C. C. IV, to be delinquent as he was involved "in some manner" in the misconduct, ordered that he and the four other children pay $3,254.52 in damages, and placed him on probation until he reached majority.

1. Appellant contends that Judge Bryant was disqualified to hear evidence in the case because he discussed the case with a stranger to the proceedings and secretly held resentment, bias and prejudice against him which was not disclosed until he ruled upon the case.

Counsel for appellant appeared before Judge Bryant in September of 1987, and requested that the charges against C. C. C. IV, be severed from those against the other boys. The continuance was granted and a hearing was set in December of 1987 for C. C. C. IV. Between these dates, counsel made statements to a third party that the judge should disqualify himself because he was biased. This statement was related by the third party to the judge.

Appellant's counsel knew that the judge heard the evidence in the other boys' case, but proceeded to trial with that knowledge without filing a motion to recuse. After a careful examination of the transcript, we find no evidence of the judge's alleged bias. While the judge did state prior to making his ruling that he was hurt by and resented counsel's statement to a third party, there is nothing in the transcript to indicate that his ruling was based upon anything other than the evidence presented in the case.

Bias or prejudice on the part of a judge, absent a statutory provision, does not disqualify him in a case. *J. B. v. State of Ga.*, 139 Ga. App. 545 (228 SE2d 712) (1976). A waiver of a disqualification may occur by implication by proceeding with the trial of the case without objection. *Georgia Power Co. v. Watts*, 184 Ga. 135 (190 SE 654) (1937). As counsel did not file a motion to recuse, he waived any objection that he had to the judge's presiding over the case. A careful examination of the transcript shows that the court considered only the facts which were presented in evidence in the instant case.

2. Appellant next asserts as error the trial court's amendment of the petition to show the juvenile to be C. C. C. IV, rather than C. C. C., as stated on the petition, in finding the child to be delinquent, and in entering the order and conditions of probation based on a void complaint.

The court inquired if the juvenile was C. C. C. III, since his father's name was stated as C. C. C., Jr., on the complaint. Counsel informed the court that he was C. C. C. IV. The court then ordered that the petition be amended to reflect this change. The Uniform Juvenile Court Rules provide that "[a] petition may be amended on the court's motion or on motion of the petitioner at any time prior to adjudication, provided that the court shall grant the parties such additional time to prepare as may be required to ensure a full and fair hearing. Amendments shall be freely permitted in the interest of justice and the welfare of the child." Counsel made no objection to the amendment and did not request additional time to prepare. Therefore, there is no issue preserved for appellate review. *Daniels v. State*, 183 Ga. App. 222 (358 SE2d 637) (1987).

3. It was not error for the trial court to refuse to have J. R., one of the other boys involved in the incident, produced to testify.

The evidence showed that the boy was not subpoenaed and that

he was in school when the hearing began. Counsel contends that C. C. C. IV's mother understood that a deputy who notified her of the hearing date would notify the other parties to be present. There is nothing in the record to indicate that anyone requested J. R.'s presence at the hearing, and counsel admitted to the court that he was not subpoenaed. There is no merit in this enumeration.

4. In his fourth enumeration of error, appellant contends that the court erred in denying certain counts contained in his motion for a new trial. We have dealt with some of those issues above and will here consider his contention that the court erred in adjudicating C. C. C. IV to be delinquent and in ordering restitution.

There was sufficient evidence presented for the court to find that he participated in the spray-painting episode. One of the witness-participants testified that appellant did some painting on the retaining wall which maintains the driveway to the building in question. C. C. C. IV denied that he had done any painting, but claimed that he was afraid to leave because of a big Doberman dog in the neighborhood. Counsel tried to impeach the witness. The question of the credibility of a witness is an issue for the trier of fact. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980). We find no merit in the argument that he could not be found to be a participant because the complaint alleged only that he painted the metal building. Due process requires that the juvenile petition must "(1) . . . contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) . . . provide data adequate to enable the accused to prepare his defense." *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897 (212 SE2d 650) (1975). The concrete butment was a part of a driveway leading up to the building, and we find that the complaint was sufficient to place the juvenile and his parents on notice of the charge against him so that he could prepare his defense.

The trial court had the authority under OCGA § 15-11-35 (5) to require the juvenile to make restitution.

5. Finally, appellant asserts as error the trial court's refusal to permit his attorney to remain in the courtroom at the September hearing for the other participants in the spray-painting episode and in denying him access to the transcript of the hearing.

When counsel requested and was granted a continuance, he was no longer a party to the case and was properly excluded under Rule 11.6 of the Uniform Rules for the Juvenile Courts: "The general public shall be excluded from all hearings except those concerning juvenile traffic offenses. Only the parties, their counsel, witnesses, other persons accompanying a party for his assistance and any other persons as the court finds have a proper interest in the proceeding or in the work of the court may be admitted by the court." The record does not contain any motion filed by counsel, under the exception provi-

sion, claiming that he had a right to be present at the hearing. As he did not object, he cannot now complain. *Daniels v. State*, supra.

Counsel admits that he made only an oral request for a transcript of the hearing. Under Rule 3.3 papers pertaining to Juvenile cases cannot be removed from the clerk's office without a written order from the judge. As counsel did not obtain the requisite order, he may not object to the court's failure to supply him with a transcript of the September hearing. *Daniels v. State*, supra.

*Judgment affirmed. Deen, P. J., Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 4, 1988 —
REHEARING DENIED OCTOBER 18, 1988 ■

*William O. Carter*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.