A91A0674. MOUA et al. v. THE STATE.
(406 SE2d 557)

BANKE, Presiding Judge.

The appellants, Va Moua and Xia Fang Moua, were jointly tried on charges of rape, sexual exploitation of a child, and kidnapping with bodily injury. They were found guilty as charged on the rape and sexual exploitation counts but on the kidnapping count were found guilty of the lesser offense of false imprisonment. They bring this appeal from the denial of their motion for new trial. *Held*:

1. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellants guilty beyond a reasonable doubt of each of the offenses of which they were convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). With respect to the rape charges, " '[t]he victim's testimony that the accused had raped her, coupled with medical evidence and testimony concerning the victim's actions and demeanor following the rape[s], was sufficient evidence to authorize the conviction[s]. [Cit.]' [Cit.]" *Gray v. State*, 153 Ga. App. 183 (265 SE2d 81) (1980). The false imprisonment convictions were supported by the victim's testimony to the effect that the appellants had held her captive over a period of several hours, between separate episodes of rape. See generally OCGA § 16-5-41. The convictions of sexual exploitation of children were supported by evidence that the appellants had taken turns photographing each other as they engaged in sexual intercourse with the victim, who was under 18 years of age at the time. See OCGA § 16-12-100 (b) (1). We reject the appellants' apparent contention that in order to obtain a conviction on the latter charge, it was necessary for the state either to produce the photographs in question or otherwise to prove that the camera had been working properly.

2. The appellants contend that the trial court erred in allowing the state to present medical opinion testimony on the ultimate issue of whether the victim had consented to the acts of sexual intercourse. The witness in question was a physician who had examined the victim after the incident. He testified that during the course of this examination, he observed lacerations or tears in the victim's perineum which, in his opinion, were consistent with an act of non-consensual sexual intercourse but not consistent with an act of consensual sexual intercourse. "Assuming that such testimony was tantamount to an opinion that the victim did not consent, it was not error to allow such testimony. The doctor was qualified as an expert, and expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which the jurors would not ordinarily be able to draw for themselves, i.e., the conclusion is beyond the ken of the average layman. [Cit.] Clearly the significance of tears in the [perineum] would be beyond the ken of the average layman. Accordingly, it was not error to allow such testimony." *Russell v. State*, 181 Ga. App. 624, 626 (353 SE2d 820) (1987). Accord *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1986).

3. The appellants contend that in charging the jury on the element of false imprisonment, the trial judge erred in failing to include instructions on their "sole defense" of consent. This contention is without merit. The trial court had previously given a full and correct charge on consent in connection with the charge on rape, and "[u]nder these circumstances, [an additional] charge on consent [as it related to the offense of false imprisonment] would have done nothing more than point out what was already clear from the charges given the jury, i.e., that if the jury believed that there was a reasonable doubt as to whether the [appellants had kept] the victim [in the motel room] against her will, they should not find [them] guilty of [false imprisonment]." *Sims v. State*, 148 Ga. App. 359, 360 (3) (251 SE2d 380) (1978).

4. The appellants contend that the false imprisonment convictions and the rape convictions should have been merged because they were based on the same conduct. However, a rational trier of fact could reasonably have concluded from the evidence that the confinement and detention of the victim far exceeded that which was immediately associated with the acts of sexual intercourse. Accordingly, this enumeration of error is without merit. Accord *Turner v. State*, 194 Ga. App. 878, 880 (3) (392 SE2d 256) (1990).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JUNE 11, 1991.

*Glenn Zell*, for appellants.

*Robert E. Wilson, District Attorney, Desiree L. Sutton, Anne G. Maseth, Nelly F. Withers, Assistant District Attorneys,* for appellee.