DECIDED FEBRUARY 9, 1996.

*Benjamin Gratz, Jr.*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.

A95A2694. SHELTON v. THE STATE.
(469 SE2d 298)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated assault and false imprisonment. The evidence reveals that defendant mercilessly beat, restrained and gagged the victim with a sock when she resisted defendant's sexual advances. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant's contention that the evidence is insufficient to support his conviction for false imprisonment is without merit. The false imprisonment charge is supported by the victim's testimony that defendant held her captive over a period, between an episode of sodomy and an episode of attempted rape. *Moua v. State*, 200 Ga. App. 49 (1) (406 SE2d 557). Specifically, the victim testified that, as defendant forced her to perform oral sodomy and then attempted to rape her, she "tried to leave[, but defendant] kept on holding me down[, he] wouldn't let me leave [and] he kept on beating, me with his fists in my face." This evidence, evidence that a neighbor called the police in response to the victim's pleas for defendant to "stop, no, no, stop," and proof that the victim was partially clothed and badly beaten when law enforcement officers arrived, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of false imprisonment in violation of OCGA § 16-5-41 (a). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Butler v. State*, 194 Ga. App. 895, 898 (3) (392 SE2d 324).

While defendant does not challenge the sufficiency of the evidence with regard to his conviction for aggravated assault, the evidence adduced at trial amply supports defendant's conviction for this offense. The police officer who responded to the victim's neighbor's emergency call, testified that defendant appeared at the door of his apartment wearing only a summer shirt. The officer explained that defendant was not wearing trousers or underclothing. The officer also testified that she found the victim on a bed in defendant's apartment, lying twisted, partially clothed and whimpering for help. A physician who examined the victim on the night of the assault testified that the victim's "face was swollen, [her] left eye was swollen shut[; she] had abrasions on her left cheek and her right cheek and she had a sock tied around her neck." This evidence overwhelmingly supports the

jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307, supra; *Creson v. State*, 218 Ga. App. 184, 186 (3) (460 SE2d 83).

2. Defendant contends he was deprived of effective assistance of counsel as guaranteed under the State and Federal Constitutions, pointing first to his trial attorney strategy of defending against the aggravated assault charge by claiming that defendant is only guilty of the lesser included offense of simple battery. Defendant asserts that this defense was ineffectively presented because his trial attorney did not request a charge on simple battery and did not object (or reserve objections to the charge) when the trial court failed to instruct the jury on the lesser included offense of simple battery. Next, defendant complains that his trial attorney did not consult with him before trial, failed to object when a law enforcement officer testified that she did not "recall [defendant] saying anything . . ." and failed to prepare or advise defendant of the hazards of testifying on his own behalf at trial. Defendant also complains that his attorney should have objected when the State's attorney implored the jury during closing argument to punish defendant for his ruthless conduct against the victim. And last, defendant complains that his trial attorney ineffectively submitted a request to charge on aggravated assault which did not conform to the crime of aggravated assault as charged in the indictment.

"In order to show ineffective assistance of counsel, [defendant] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990). 'Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.' *Strickland*, 466 U. S. at 698.

"Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one. 'In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire

criminal justice system suffers as a result.' *Strickland*, 466 U. S. at 697." (Footnote omitted.) *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600).

In the case sub judice, we direct our inquiry to the prejudice component of the test announced in *Strickland v. Washington*, 466 U. S. 668, supra, and adopted by the Supreme Court of Georgia in *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362), and find that defendant failed to " 'show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different. [*Strickland v. Washington*, 466 U. S. 668, supra.]' *Smith v. Francis*, [supra at 783 (1)]." *Jowers v. State*, 260 Ga. 459, 461 (2), 462 (396 SE2d 891). The evidence of defendant's guilt in the case sub judice is so overwhelming that it is highly unlikely that any defense counsel could have altered the jury's finding that defendant is guilty, beyond a reasonable doubt, of false imprisonment and aggravated assault as charged in the indictment. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Indeed, there is not only undisputed evidence that defendant mercilessly beat the victim and restrained her (using a sock as a gag), defendant literally was caught with his pants off. Under these circumstances, we cannot say the trial court erred in denying defendant's motion for new trial based on his claim of ineffective assistance of trial counsel. See *Postell v. State*, 212 Ga. App. 868 (443 SE2d 530).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 9, 1996.

*Shandor Badaruddin*, for appellant.

*Thomas J. Charron, District Attorney, Bruce D. Hornbuckle, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.