## A96A2101. ANDERSON v. THE STATE.

(476 SE2d 852)

Judge Harold R. Banke.

Raymond Anderson was convicted of possession of cocaine with intent to distribute and obstruction of a law enforcement officer. Following the denial of his motion for new trial, Anderson enumerates two errors, contesting the voluntariness of his confession and challenging the sufficiency of the evidence.

Viewed in a light most favorable to the verdict, the evidence disclosed that at approximately 12:30 a.m., two police officers stopped their unmarked patrol car in an area known for excessive street level drug dealing and asked Raymond and Matthew Anderson what they were doing. When the brothers immediately fled without responding, the police gave chase on foot. While in pursuit, Detective Tracy Howard saw them suddenly fall and disappear into a ditch. Matthew Anderson continued to run, but Raymond Anderson had broken his kneecap and was unable to proceed. During an inspection of the ditch, police discovered a plastic ziplock bag containing crack cocaine lying near Raymond Anderson's driver's license.

Less than two hours later as Anderson awaited treatment at the hospital, he signed a waiver of rights form and gave a tape-recorded statement to police. In his statement, Anderson admitted possessing the cocaine and intending to sell it. Anderson acknowledged that he made his statement freely and was not coerced or promised any benefit. Nor was he under the influence of any drugs or alcohol or medication. At trial, Anderson did not assert that his incriminating statement was involuntarily or unknowingly made. Instead, he claimed that he made the statement in order to protect his younger brother from going to jail. *Held*:

1. Anderson contends that his statement to police made after *Miranda* warnings was inadmissible because he was in excessive pain and being denied necessary medical treatment.

Whether a waiver of rights and a subsequent statement have been voluntarily and knowingly made depends on the totality of the circumstances. *Williams v. State*, 238 Ga. 298, 302 (1) (232 SE2d 535) (1977). At the *Jackson-Denno* hearing, Anderson admitted that he had not requested any pain medication prior to giving his statement and testified that he made the statement freely and not because he wanted to protect his brother. The transcript shows that the interrogation was brief and Anderson was coherent. Also, Anderson was in his twenties, had completed 11 years ' of school, understood the charges, and displayed an obvious willingness to speak with the investigating officer. In weighing the applicable factors and considering the totality of the circumstances, the trial court did not commit clear error in finding that Anderson waived his constitutional rights

and made a knowing and voluntary statement to the police. *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993). See *Bright v. State*, 265 Ga. 265, 279-280 (5) (b) (455 SE2d 37) (1995).

2. The evidence was sufficient for a rational trier of fact to find all the essential elements of the crimes of possession of cocaine with intent to distribute and obstruction of a law enforcement officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 9, 1996.

*Jones, Osteen, Jones & Arnold, Linnie L. Darden III*, for appellant.

*Dupont K. Cheney, District Attorney, Ross H. Pittman III, Assistant District Attorney*, for appellee.