## A97A0774. PARKER v. THE STATE.
### (486 SE2d 687)

JOHNSON, Judge.

Stephen Loren Parker was convicted of burglary, rape, and aggravated assault. He appeals from the judgment of conviction and the denial of his motion for new trial. We affirm.

1. Parker contends the trial court erred in denying his motion for a directed verdict of acquittal. Such a motion should be considered under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); that is, it should be granted only if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could not find the appellant guilty. See *Duckworth v. State*, 223 Ga. App. 250, 254-255 (3) (477 SE2d 336) (1996); see also OCGA § 17-9-1 (a).

Viewed in this light, the evidence shows the victim lived in the same mobile home park where Parker was staying with his friends, the Steversons. The victim testified that on the morning of June 14, 1995, after her husband left for work, which was customarily between 7:30 and 8:00 a.m., she awoke to find a strange man in her bedroom. The man had a Swiss army knife and forced her to have sexual intercourse with him. He did not wear any covering on his face. At trial, the victim identified Parker as the rapist.

Mr. Steverson testified Parker left the Steverson trailer on the night of June 13 and returned at about 8:15 a.m. on the morning of June 14, sweating and seemingly nervous, from the direction of the victim's street. Parker asked Mr. Steverson to say he had returned at 7:30 a.m. and to dispose of the clothes he had been wearing. Mrs. Steverson testified that Parker asked her to wash the pants he had worn the night before, and that about two weeks after the rape, she found a Swiss army knife similar to the one described by the victim in a closet in her trailer.

Parker was arrested on June 14. After being advised of his rights, he made incriminating statements to a sheriff's investigator.

A microanalyst with the Georgia Bureau of Investigation's Division of Forensic Sciences testified fibers found on Parker's pants matched fibers from the sheet on the victim's bed.

The trial court did not err in denying the motion for directed verdict of acquittal.

2. Parker contends the victim's in-court identification of him was tainted by an allegedly improper lineup identification. He claims the lineup identification was invalid because there was no evidence the light in the trailer was sufficient for the victim to get a good look at her attacker, and because the other lineup participants' height and hair color were dissimilar to his.

Parker did not raise the issue of the lighting in the trailer at trial. By failing to do so, he waived the right to raise it on appeal. See *Smith v. State*, 221 Ga. App. 428 (2) (472 SE2d 4) (1996); see generally *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991). The investigator, who was present at the lineup, testified in the hearing on the motion to suppress that the hair color and stature of the other participants were similar to Parker's. The trial court was authorized to find this testimony credible. See *State v. Leviner*, 213 Ga. App. 99 (1) (443 SE2d 688) (1994). We therefore find no error in the admittance of the identification testimony.

3. Parker claims the trial court erred in admitting his incriminating statements to the investigator, contending they were not voluntary because he was handcuffed when he made them. Whether custodial statements are knowing and voluntary depends on the totality of the circumstances. *Anderson v. State*, 223 Ga. App. 125 (1) (476 SE2d 852) (1996). We review the trial court's factual findings on the statements' admissibility under the clear error standard. *Martin v. State*, 264 Ga. 826 (1) (452 SE2d 95) (1995).

The investigator testified that Parker was advised of his rights; that he did not request a lawyer or ask that the questioning stop; that no promises or threats were made to Parker; and that he was kept handcuffed because the only place available for the interview was a non-secured office area. Given this evidence, the trial court's finding that Parker's statements were voluntary is not clearly erroneous. See *Ramos v. State*, 198 Ga. App. 65, 66 (1) (400 SE2d 353) (1990); see generally *Rachell v. State*, 210 Ga. App. 106, 107 (2) (b) (435 SE2d 480) (1993).

4. Parker contends the trial court erred in admitting the knife into evidence because Mrs. Steverson found it almost two weeks after the crime at a place Parker stayed only occasionally, and because the victim testified she thought this knife was smaller than, though similar to, the one used by the rapist.

A trial court has broad discretion in the admission of evidence. *Baker v. State*, 211 Ga. App. 515, 517 (3) (439 SE2d 668) (1993). A

weapon is generally admissible if it is similar to one used in a crime, even though it is not the same one. *Boyd v. State*, 264 Ga. 490, 491 (2) (448 SE2d 210) (1994). Based on the testimony of Mrs. Steverson and the victim, the jury would have been authorized to find either that the knife admitted was the one used in the attack, or that it was merely a similar knife. In any event, any discrepancies in the victim's description of the knife went to the weight and credibility of the evidence, not its admissibility, and the trial court did not abuse its discretion in admitting the knife. See *Davis v. State*, 230 Ga. 902, 905-906 (5) (199 SE2d 779) (1973).

5. In two related enumerations of error, Parker claims the trial court erred in allowing the state to elicit testimony he contends improperly placed his character in issue.

Parker planned to call as a witness his bondsperson in this case, whom he first met when she posted bond for him on an earlier charge. He moved in limine to prevent the state from asking her how they met. The trial court denied the motion, on the ground that a witness' relationship with the accused is relevant. See OCGA § 24-9-68. Parker called the bondsperson anyway and elicited testimony that she had heard him say he had befriended a married woman who lived in the trailer park and had the same first name as the victim. Parker asked her no questions going to his character.

During cross-examination, when it appeared the state was about to ask the witness how she met Parker, he objected. The trial court overruled the objection for the same reason it had denied the motion in limine. The witness then testified she met Parker when she posted bond for him in a theft by taking case two years before the rape trial. Parker enumerates as error both the denial of his motion in limine and the overruling of his objection.

If evidence places an accused's character in issue, it is inadmissible unless it is relevant to some other issue in the case. See *Robinson v. State*, 192 Ga. App. 32, 33 (383 SE2d 593) (1989). Evidence of the relationship between a witness and the accused may be used in a criminal case to show bias or prejudice, or that the witness is testifying by reason of duress or fear. See *Mitchell v. State*, 207 Ga. App. 306 (1) (427 SE2d 814) (1993). The fact that the witness once posted bond for Parker shows none of these things. See generally *Jenkins v. State*, 215 Ga. App. 540, 541 (1) (a) (451 SE2d 457) (1994). However, even if we assume allowing this testimony was error, in view of the overwhelming admissible evidence of Parker's guilt such error was harmless and does not require reversal. See generally *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994).

6. Parker makes two challenges to the jury charge.

(a) Parker claims the following charge on consent was a misstatement of law and was confusing to the jury: "[L]ack of resistance

induced by fear is not legally cognizable consent that constitutes force." This language is only slightly misquoted from *Curtis v. State*, 236 Ga. 362, 363 (1) (223 SE2d 721) (1976): "[L]ack of resistance, induced by fear, is not legally cognizable consent but is force."

A "slip of the tongue" in a jury charge is not reversible error when, in the context of the whole charge, it clearly could not have misled or confused the jury. *Tenant v. State*, 218 Ga. App. 620, 622 (3) (462 SE2d 783) (1995). In this case, the charge included the statement that "a person commits rape when he has carnal knowledge of a female forcibly and against her will," and an admonition that the state was required to prove every element of the offense beyond a reasonable doubt. This was adequate to prevent the jury from being misled or confused, so reversal is not required.

(b) Parker contends the trial court erred by instructing the jury that, in order to find him guilty of the lesser included offenses of simple battery, simple assault, and criminal trespass, it first had to find him not guilty of rape, aggravated assault, and burglary.

In *Cantrell v. State*, 266 Ga. 700, 703 (469 SE2d 660) (1996), the Supreme Court of Georgia held when a jury deadlocks on the greater charge, it may still be allowed to reach a verdict on a lesser included offense. However, the court in *Cantrell* specifically authorized an instruction to the jury that they "should not consider a lesser offense unless the defendant be found not guilty of the greater offense . . . so long as the court does not insist upon unanimity and is willing to accept a verdict on the lesser offense." Id. at 702, n. 2.[1] In Parker's case the jury expressed no difficulty in reaching a verdict on the greater offenses, so there was no error.

7. Parker challenges the verdict form, complaining it made no reference to the lesser included offenses of simple battery, simple assault, and criminal trespass. This issue was waived because Parker's trial counsel specifically approved of the verdict form at trial. See *Lee v. State*, 265 Ga. 112, 114 (2) (b) (454 SE2d 761) (1995). Moreover, even if the issue had been preserved, there was no error. See *McGinnis v. State*, 183 Ga. App. 17, 20 (4) (358 SE2d 269) (1987); *King v. State*, 178 Ga. App. 343, 345 (3) (343 SE2d 401) (1986).

8. Parker claims his trial counsel gave him bad advice on whether to testify and was therefore ineffective; that the trial court erred in finding trial counsel effective; and that the trial court's conduct of the hearing on the motion for new trial revealed bias against Parker.

(a) Parker contends his trial counsel advised him it would be

---

[1] There are other situations, not relevant to the case before us, in which a "sequential" charge is inappropriate. See *Edge v. State*, 261 Ga. 865, 867 (2) (414 SE2d 463) (1992).

best not to testify because he would likely place his character in issue, opening the door to introduction of his previous felony conviction. Parker maintains this advice was faulty because there was no reason to believe he could not follow his counsel's instructions to avoid character issues, and because by not testifying he was deprived of the opportunities: (1) to inform the jury that, when he made the incriminating statements to the investigator, he felt intimidated because he was handcuffed; and (2) to inform the court that the height and hair color of the other participants in the lineup were dissimilar to Parker's.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's conduct fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Shelton v. State*, 220 Ga. App. 163, 164 (2) (469 SE2d 298) (1996). The trial court's findings on credibility matters will be upheld unless clearly erroneous, as will its ultimate determination whether the defendant received effective assistance of counsel. *York v. State*, 207 Ga. App. 494, 497 (2) (d) (428 SE2d 113) (1993).

At the hearing on the motion for new trial, Parker's trial counsel testified it was Parker who first suggested that he not testify. Trial counsel said he had concurred with Parker's suggestion because Parker had given inconsistent versions of the events in question, and because he was concerned Parker would inadvertently put his character in issue. As judge of the witnesses' credibility, the trial court was authorized to believe trial counsel's explanation of why Parker did not testify. See *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995). Parker has therefore failed to overcome the strong presumption that his counsel's conduct constituted reasonable trial strategy. See *Bridges v. State*, 205 Ga. App. 664, 665-666 (2) (423 SE2d 293) (1992).

(b) Parker asserts that two comments the judge made at the hearing on the motion for new trial showed that the judge was prejudiced against him. We have examined the transcript and do not find the challenged comments indicative of bias. Moreover, by failing to file a motion for recusal in the trial court, Parker waived any objection to the judge's presiding in his case. See *In the Interest of C. C. C.*, 188 Ga. App. 849, 850 (1) (374 SE2d 754) (1988).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 14, 1997 —

Before Judge English.
*Millard B. Morgan, Harry A. Osborne,* for appellant.

*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.