## A98A0814. POWER v. THE STATE.
(499 SE2d 356)

ELDRIDGE, Judge.

On November 12, 1995, at approximately 2:00 a.m. in Walton County, State Patrol Officer Clifford Miller observed on Highway 138 near H. D. Atha Road a vehicle parked with its lights on and a man standing beside the vehicle urinating. The man jumped back in the vehicle, turned off the headlights, and got back on the highway before the officer could turn around. The vehicle turned left about a quarter of a mile from where it had been stopped. The vehicle then turned into a private driveway, stopped, and the man exited from the driver's side.

The driver was identified as Stephen Wes Power, defendant-appellant. Defendant admitted that he pulled into the driveway in an attempt to elude the trooper. The defendant had the odor of alcohol, and the officer performed field sobriety tests after defendant consented, which evidenced impaired motor skills from alcohol. The horizontal gaze nystagmus test indicated intoxication. The other tests showed similar indications of intoxication. The trooper then administered an alco-sensor breath test, which indicated positive for the consumption of alcohol. The defendant was arrested, placed in the patrol car, and read his implied consent warnings from the Department of Public Safety card dated April 7, 1995. The breath test equipment at the county jail was inoperable so the trooper took the defendant to the hospital in Conyers for a blood test. At 3:05 a.m., Nurse Jo Yarbrough drew the blood sample at the hospital. The defendant requested a breath test but no machine was available except in Loganville, which was approximately 12 miles from Monroe. They went and had a breath test performed by the trooper. The blood sample was sent to the State Crime Lab, and the results were .13 grams percent.

The defendant waived a jury trial and was tried and convicted on April 5, 1996, in the Walton County Probate Court for driving under the influence under both OCGA § 40-6-391 (a) (1) (less safe) and 40-6-391 (a) (4) (per se and for driving without lights), based upon Uniform Traffic Citations. At trial the trooper testified that defendant was visibly impaired and under the influence of alcohol so that he was less safe to drive. On April 5, 1996, defendant filed his notice of appeal to the Superior Court of Walton County under OCGA § 40-13-28. On October 6, 1997, on appeal to the Superior Court of Walton County, the court affirmed the trial court. Defendant petitioned for discretionary appeal on October 31, 1997, which was granted. The notice of appeal was filed on December 5, 1997.

*Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991) held that where a jury trial is waived in the probate court as to a traffic

offense, either in writing or by failure to request a jury, appeal to the superior court under OCGA § 40-13-28 is not de novo but is on the appellate record. In *Phillips v. State*, 261 Ga. 190 (402 SE2d 737) (1991), the Supreme Court held that an appeal from the superior court appellate review of an appeal from the probate court on a traffic case under OCGA § 40-13-28 comes on direct appeal to the Court of Appeals and not as a discretionary appeal under OCGA § 5-6-35, because the plain language of the statute excludes discretionary appeals from the probate court. OCGA § 5-6-35 (a) (1); *Walton v. State*, supra at 393, n. 3; see generally *Bird v. Bishop*, 207 Ga. App. 11 (427 SE2d 301) (1992); *Strohecker v. Gwinnett County Police Dept.*, 182 Ga. App. 853 (357 SE2d 305) (1987); *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986).

In *Brown v. City of Marietta*, 214 Ga. App. 840, 841-842 (1) (449 SE2d 540) (1994), we held that an appeal from the superior court review under OCGA § 40-13-28 of a traffic case in municipal court was discretionary under OCGA § 5-6-35 (a). Therefore, any appeal from a superior court review under OCGA § 40-13-28 of any lower court, except the probate court, shall be under OCGA § 5-6-35 (a); however, an appeal from the superior court review under OCGA § 40-13-28 of a traffic case from the probate court shall be by direct appeal under OCGA § 5-6-34 (a). See OCGA § 5-6-34 (a) (1); *Phillips v. State*, supra at 191.

1. Defendant's first enumeration of error is that the trial court erred in denying the motion to quash the accusation purporting to charge defendant with driving under the influence of alcohol.

The Uniform Traffic Citation charged the defendant with "D. U. I. in violation of Code Section 40-6-391." Defendant contends that such UTC is vague and ambiguous so that he does not know what he must defend against. *Kevinezz v. State*, 265 Ga. 78, 81 (454 SE2d 441) (1995). "Under § 40-6-391 (a) (2), impaired driving ability is an element of the crime that the state must prove to obtain a conviction. See *Cargile v. State*, 244 Ga. 871, 873 (1) (262 SE2d 87) (1979). . . . Turning to the language of the indictment in this case, we conclude that the phrase 'driving under the influence of [alcohol]' describes a specific method by which the crime of driving under the influence may be proved. See *Hogan v. State*, 178 Ga. App. 534, 536 (343 SE2d 770) (1986). It has been held the phrase 'driving under the influence of alcohol' has a 'universally recognized and understood meaning' so that reasonable persons could not differ as to its interpretation. *Cargile*, 244 Ga. at 873. That meaning is that a person is under the influence of alcohol ' "when it appears that it is less safe for such person to operate a motor vehicle." ' *Cargile*, 244 Ga. at 873, 874 (quoting *Cook v. State*, 220 Ga. 463, 465 (2) (139 SE2d 383) (1964)). . . . The foregoing universally understood meaning is embodied in the language of

§ 40-6-391 (a), which couples the term 'under the influence' with the concept of being a less safe driver, see § 40-6-391 (a) (1), (2), and (3). Thus, in *Hogan* the Court of Appeals properly held that the phrase 'driving under the influence,' with respect to both alcohol and drugs, and the phrase 'to the extent it is less safe for the person to drive,' see § 40-6-391 (a) (1), (2), and (3), 'are not two separate elements . . . (but) are equivalent concepts describing (the same) physical condition.' *Hogan*, 178 Ga. App. at 536. Accordingly, an indictment or accusation charging a defendant with driving under the influence of alcohol or drugs, even if it does not specify 'to the extent it was less safe for (the defendant) to drive,' is an indictment that charges the defendant with violating § 40-6-391 (a) in one of the three ways specified by subsections (a) (1), (2), and (3). *Hogan*, 178 Ga. App. at 535-537 (indictment charging defendant with 'driving under the influence of alcohol' charged defendant with violating § 40-6-391 (a) (1)). Conversely, such an indictment would not put a defendant on notice that he or she could be convicted under § 40-6-391 (a) (4) or (5), which do not contain the phrase 'under the influence' and do not require the state to prove impaired driving ability, *Hogan*, 178 Ga. App. at 536; *Lester [v. State]*, 253 Ga. [235, 237-238 (4) (320 SE2d 142) (1984)]." Id. at 79, 81-82. Therefore, the UTC was adequate for prosecution under the less safe standard of OCGA § 40-6-391 (a) (1), but the UTC was inadequate to prosecute for OCGA § 40-6-391 (a) (4). Failure to quash the UTC as to OCGA § 40-6-391 (a) (4) was error but harmless in this non-jury trial where the evidence was overwhelming that it was less safe for the defendant to drive. Further, on appeal to the superior court, the conviction under OCGA § 40-6-391 (a) (4) was reversed.

" 'It is presumed that in his capacity as trier of fact the trial judge considered only legal evidence,' *Simmons v. State*, 249 Ga. 860, 861 (2) (295 SE2d 84) (1982), 'unless it appears from the judgment that (the court) considered testimony which should have been excluded.' *Morris v. State*, 160 Ga. App. 50 (1) (285 SE2d 782) (1981)." *Daniels v. State*, 211 Ga. App. 23, 25 (1) (438 SE2d 99) (1993). Here the probate judge did in fact consider an improper basis for conviction as indicated by the judgment. However, "[t]he standard we adopt is what is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' 'The *highly probable* test avoids the evils of inadequate or excessive stringency by making affirmance conditional on high probability that error did not affect the judgment. The test compels a judge to go beyond a first glance for affirmance or a fleeting glimpse for reversal. It compels him to exercise his mind in the exercise of his discretion, to go beyond the appearances of the result to an examination of what causal links there may be between error and the judgment. It keeps

judicial discretion within the ample bounds of reason.'" (Citations omitted; emphasis in original.) *Johnson v. State*, 238 Ga. 59, 60-61 (230 SE2d 869) (1976); accord *Willingham v. State*, 268 Ga. 64, 65 (4) (485 SE2d 735) (1997); *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994). "However, even if we assume allowing [these grounds for conviction were] error, in view of the overwhelming admissible evidence of [defendant's] guilt such error was harmless and does not require reversal." *Parker v. State*, 226 Ga. App. 462, 464 (5) (486 SE2d 687) (1997); see generally *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994).

2. The defendant's second enumeration of error is that the trial court erred when it admitted over objection the results of the blood test without laying a proper foundation.

In light of Division 1 and the reversal of the conviction under OCGA § 40-6-391 (a) (4), such issues are moot. To the extent that such evidence was erroneously before the trial judge, such error was harmless in the face of the overwhelming evidence as to defendant's guilt under OCGA § 40-6-391 (a) (1). *Duke v. State*, 268 Ga. 425, 427 (2) (489 SE2d 811) (1997); *Fetty v. State*, 268 Ga. 365 (489 SE2d 813) (1997); *Parker v. State*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1998 —
RECONSIDERATION DENIED MARCH 19, 1998 ▌▌▌▌▌▌▌▌▌▌

*Virgil L. Brown & Associates, Bentley C. Adams III, Eric D. Hearn*, for appellant.

*Alan A. Cook, District Attorney, Jay M. Jackson, Assistant District Attorney*, for appellee.