## A03A1679. PARTRIDGE v. THE STATE.
### (596 SE2d 778)

PHIPPS, Judge.

Following a stipulated bench trial, Stuart Partridge was convicted and sentenced for operating a motor vehicle while having an illegal alcohol concentration, driving under the influence of alcohol to the extent it was less safe for him to drive, and failure to maintain his lane. He claims that the trial court erred by denying his motion to suppress the results of field sobriety tests he performed because he was not fully advised of his right to refuse to perform them. Because the trial court erred by convicting and sentencing Partridge for two DUI offenses, we reverse his conviction for driving under the influence of alcohol to the extent it was less safe for him to drive. We find that any error in refusing to suppress the results of the field sobriety tests was harmless and affirm Partridge's conviction for being in actual physical control of a moving vehicle while having an alcohol concentration of 0.10 grams or more. We vacate the sentences imposed for both DUI offenses and remand the case for resentencing.

At approximately 3:30 a.m. on July 7, 2000, Forsyth County Deputy Sheriff Ben Finley saw a truck driven by Partridge cross the double yellow line several times. When Finley stopped Partridge and approached his truck, he smelled an odor of alcohol coming from Partridge. Finley then contacted Deputy Richard McManaway of the DUI task force, who arrived approximately ten minutes later. McManaway read Partridge *Miranda* warnings and then administered several field sobriety tests to Partridge. Based on a poor performance on those tests, McManaway arrested Partridge and read him an implied consent notice asking for a breath test. Partridge agreed to take a breath test, which indicated a breath alcohol concentration of 0.223 grams.

Partridge was charged with driving under the influence of alcohol to the extent it was less safe for him to drive, in violation of OCGA § 40-6-391 (a) (1) (Count 1), and being in actual physical control of a moving vehicle while having an alcohol concentration of 0.10 grams

or more, in violation of OCGA § 40-6-391 (a) (5) (Count 2).[1] Partridge filed motions to suppress the results of the field sobriety tests and the state-administered breath test. After those motions were denied, Partridge reserved his objections and agreed to a stipulated bench trial. At the conclusion of the trial, the court found Partridge guilty of both DUI offenses and of failure to maintain his lane (Count 3).

OCGA § 40-6-391 (a) establishes a single crime of driving in a prohibited condition and subsections (1) through (5) merely define different ways of committing that one crime.[2] Partridge was prosecuted for violating OCGA § 40-6-391 (a) (1) and (a) (5) and was found guilty of both violations, but could only be convicted and sentenced for one DUI violation.[3] Although the transcript shows that the trial court recognized that the DUI charges were alternative and should be merged for purposes of sentencing, the Final Disposition sheet shows that Partridge was sentenced for DUI per se (being in actual physical control of a moving vehicle while having an alcohol concentration of 0.10 grams or more) and DUI less safe.[4] Imposing separate sentences for each offense was improper.[5] Because Partridge's "conviction based on conduct violating OCGA § 40-6-391 (a) [(5)], as driving with a prohibited blood-alcohol level poses the more serious risk of injury to property or the public," we affirm that conviction and reverse Partridge's conviction under OCGA § 40-6-391 (a) (1).[6] We vacate the sentences imposed for both offenses and remand only for resentencing for the violation of OCGA § 40-6-391 (a) (5).[7]

We now consider Partridge's claim of error and find that any error in the admission of the field sobriety test results was harmless. A conviction under OCGA § 40-6-391 (a) (5) does not require the state to prove impaired driving ability.[8] Thus, even if the results of the field sobriety tests should have been excluded, it is highly probable that the error did not contribute to the judgment.[9] The breath test results, which are not challenged on appeal, provide sufficient proof of the per se violation.[10] Any error in denying Partridge's motion to suppress

---

[1] Partridge was indicted before OCGA § 40-6-391 (a) (5) was amended in 2001. The amendment, effective July 1, 2001, substituted 0.08 grams for 0.10 grams.

[2] *Morgan v. State,* 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994); see also *Smith v. State,* 239 Ga. App. 515, 516 (1) (521 SE2d 450) (1999); *Hogan v. State,* 178 Ga. App. 534, 535 (343 SE2d 770) (1986).

[3] See *Hogan,* supra at 536-537; OCGA § 16-1-7 (a) (1).

[4] The sentence for this offense was only a fine.

[5] See *Schoolfield v. State,* 251 Ga. App. 52, 55 (3) (554 SE2d 181) (2001).

[6] *Ellerbee v. State,* 215 Ga. App. 102, 103 (1) (449 SE2d 874) (1994).

[7] See *Taylor v. State,* 238 Ga. App. 753, 755 (2) (520 SE2d 267) (1999).

[8] *Power v. State,* 231 Ga. App. 335, 337 (1) (499 SE2d 356) (1998).

[9] See id.

[10] See *Hogan,* supra at 536 (DUI per se requires proof only of the commission of proscribed

the results of the field sobriety tests would therefore be harmless.[11]

*Judgment affirmed as to Counts 2 and 3; judgment reversed as to Count 1; sentences for Counts 1 and 2 vacated and case remanded for resentencing only. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 17, 2004.

*Robert W. Chestney*, for appellant.

*Leslie C. Abernathy, Solicitor-General, Inez Grant, Assistant Solicitor-General*, for appellee.

specific act, without resort to any inference or presumption).

[11] See *Smith*, supra.