Ellington, Presiding Judge.
Following a bench trial, the State Court of Gwinnett County found Roger Canelas guilty of driving under the influence of alcohol to the extent it was less safe to drive, OCGA § 40-6-391 (a) (1) ; driving while having an alcohol concentration of 0.08 grams or more (DUI per se), OCGA § 40-6-391 (a) (5) ; and driving without a valid driver's license, OCGA § 40-5-20 (a). Following the denial of his motion for a new trial, Canelas appeals, challenging the sufficiency of the evidence. Canelas also argues that the trial court erred in denying his motion to suppress (1) because there was not probable cause to arrest him for DUI, and (2) because he was not placed under actual, valid arrest prior to the reading of the implied consent notice. For the reasons set forth below, we reverse Canelas's conviction for driving without a valid license, vacate his sentence, and remand this case to the trial court for resentencing. We affirm the judgment in all other aspects.
Viewed in the light most favorable to support the verdict,[1] the evidence shows the *173 following. On June 12, 2016, a witness called 911 to report a single-vehicle motorcycle crash. Paramedics responded first and assessed Canelas's condition; he had abrasions on his arm and was dazed and confused. A police officer responded at 1:30 a.m., along with a field training supervisor, and found a motorcycle on its side, Canelas on the ground about twenty yards away, and a helmet, a shoe and other articles of clothing scattered between him and the motorcycle. The road where Canelas had crashed was a residential road, on a straight section one-tenth mile past a 90-degree turn. The curb near the motorcycle had been recently scraped and gouged. There was vomit, which smelled of alcohol, in Canelas's helmet and on his beard and jacket. As paramedics prepared to transport Canelas to the hospital, he stated that he had been at a friend's house, where he drank "a couple of beers." He told the officer that he did not remember leaving his friend's house and did not know how he got to the scene of the crash because he would not have left his friend's house after drinking.
The officer followed the ambulance to the hospital and spoke with Canelas in his treatment room. The officer's training supervisor was also present. The arresting officer noticed that Canelas had bloodshot eyes and a strong odor of alcohol about his person. Asked if he had had anything to drink, Canelas again responded the he had drunk "a couple of beers." The officer verbally told him, "You are under arrest for DUI-less safe," and read the implied consent notice, concluding with a request that he submit to a state administered chemical test of his blood as provided in the implied consent law. The officer testified that he did not put Canelas in handcuffs because he was on the gurney and nurses were putting IVs in his arm and treating the bruising and abrasions on his arm, and he did not want to interfere with the medical treatment. Canelas gave his consent to the blood test, and at 2:46 a.m. an ER nurse drew his blood for testing. The officer left Canelas, who was still receiving medical treatment, in the custody of the hospital security staff and went to the police station with the evidence. Within the hour, the officer sought and obtained an arrest warrant. For reasons not apparent in the record, another officer served the warrant a few days later. The result of the blood alcohol test was a level of 0.153 grams per 100 ml. 1. Canelas challenges the sufficiency of the evidence as to each offense. On appeal from a criminal conviction, the appellate court
Whether a suspect is under custodial arrest is a mixed question of law and fact. Therefore, to the extent that determination of the issue hinges on resolution of factual questions, an appellate court construes the evidence most favorably to uphold the trial court's findings and accept those findings unless they are clearly erroneous; but the appellate court independently applies the legal principles to those facts.
(Punctuation and footnotes omitted.) Plemmons v. State , 326 Ga. App. 765, 768 (1), 755 S.E.2d 205 (2014).
Construing the evidence in favor of the trial court's findings, we conclude that, even if Canelas was allowed to leave the hospital later, the evidence authorized the trial court to find that at the time the officer read the implied consent notice to him a reasonable person in his position would have believed that he was under arrest. Plemmons v. State , 326 Ga. App. at 768 (1), 755 S.E.2d 205 (The trial court was authorized to find that a reasonable person in the defendant's position would not think that he was free to leave at the time an officer read the implied consent warnings where the officer, in the suspect's hospital room after an accident, wrote a ticket for DUI, told the suspect that he was under custodial arrest, gave him the ticket, and then read him the implied consent notice.)[10]
4. Lastly, the trial court imposed a sentence of twelve months probation for each count of the accusation, to be served concurrently. Because the DUI convictions were predicated on the same conduct, they merged, and the trial court erred in imposing sentence on both, as conceded by the State. Smith v. State , 338 Ga. App. 635, 640-641 (5), 791 S.E.2d 418 (2016) ; Fowler v. State , 294 Ga. App. 864, 868-869 (3), 670 S.E.2d 448 (2008) ; Schlanger v. State , 290 Ga. App. 407, 415 (8), 659 S.E.2d 823 (2008) (physical precedent only); Partridge v. State , 266 Ga. App. 305, 306, 596 S.E.2d 778 (2004). Accordingly, we must vacate Canelas's sentence and remand this case to the trial court for resentencing in accordance with this opinion.
Judgment affirmed in part, reversed in part, and vacated in part, and case remanded.
Bethel, J., and Senior Appellate Judge Herbert E. Phipps, concur.

See Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This recitation of facts is based in part on the evidence which Canelas contends the trial court erroneously admitted. We have rejected his evidentiary challenges for the reasons discussed in Division 2 and 3, infra.

See also Clay v. State , 290 Ga. 822, 825 (1) (A) (1), 725 S.E.2d 260 (2012) (The trial court was authorized to find that, under the totality of the circumstances, a reasonable person in the defendant's position would have perceived that he was in custody at the time he made a statement, where he awoke to find a police officer in his treatment room and the officer avoided his questions regarding whether he was going to be charged, told him that he "needed" to come down to the police station to talk with the police, never told him that he was not under arrest or that he was free to leave, and called for a patrol vehicle to transport him to the police station.); Hughes v. State , 259 Ga. 227, 228 (1), 378 S.E.2d 853 (1989) (The trial court was authorized to find that a traffic stop escalated to an arrest when the officer, who was waiting for assistance from other officers, told the driver that he was not free to leave.).