A90A0611. FOWLER v. THE STATE.
A90A0612. WIMBERLY v. THE STATE.
(395 SE2d 254)

Banke, Presiding Judge.

The defendants were jointly indicted for unlawful possession of cocaine. We granted their separate applications for an interlocutory appeal from the denial of their motions to suppress the contraband.

While assisting the FBI in attempting to locate a federal fugitive, the Sheriff of Truetlen County observed a truck pass by him in which appellant Fowler was a passenger. The sheriff knew Fowler and also knew that he was an acquaintance of the fugitive in question. The sheriff testified that there was nothing suspicious about the conduct of the truck's occupants but that he decided to pursue and detain the

vehicle for the purpose of questioning Fowler concerning the whereabouts of the fugitive. Accompanied by FBI and GBI agents, the sheriff thereafter encountered the truck "head-on on a little narrow dirt road," whereupon he stopped his unmarked car in the middle of the road and activated its flashing blue lights. The driver, appellant Wimberly, stopped the truck immediately and, at the sheriff's request, stepped out and produced his identification. The sheriff testified that Wimberly "kept putting his left hand in his trouser pocket," despite his (the sheriff's) request that he remove his hand from his pocket. The sheriff stated that he accordingly reached into Wimberly's pocket and "grabbed his hand and removed it," thereby discovering a bag of marijuana. Wimberly was arrested for violating the Controlled Substances Act on the basis of this discovery; and a search of the interior of the truck conducted incident to that arrest resulted in the seizure of a small quantity of cocaine, the contraband upon which the present prosecution is predicated. *Held*:

We must agree with the appellants' contention that the discovery of the cocaine in the truck was the fruit of an unlawful detention. "A person is seized . . . when by means of physical force or show of authority his freedom of movement is restrained. [Cits.] The subjective intention of the officer to detain the defendant had he attempted to leave is irrelevant except insofar as that intention may have been conveyed to the defendant[.] [Cit.]" *Sabel v. State*, 248 Ga. 10, 11-12 (282 SE2d 61) (1981). The appellants' freedom of movement clearly was restrained when their pathway was blocked by the police vehicle. At that point, a limited investigative inquiry was authorized only if the intrusion was supported by reasonable suspicion of criminal wrongdoing. See generally *Alexander v. State*, 166 Ga. App. 233 (2) (303 SE2d 773) (1983). "[W]here no circumstances at all appear which might give rise to an articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been violated, the act of following and detaining a vehicle and its occupants must be judged as an impermissible intrusion on the rights of the citizen. Where this occurs, the penalty exacted by the law is that evidence turned up as a result of such intrusion may not be introduced against the defendant on the trial of his case." *Brooks v. State*, 129 Ga. App. 109, 111-112 (198 SE2d 892) (1973). Accordingly, we are constrained to hold that the appellants' motions to suppress should have been granted.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 25, 1990.

*Harold D. McLendon*, for appellant (case no. A90A0611).

*Kathy S. Palmer,* for appellant (case no. A90A0612).
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney,* for appellee.