A90A2209. COFFEE CHRYSLER-PLYMOUTH-DODGE, INC. v. NASWORTHY.
(403 SE2d 453)

BANKE, Presiding Judge.

The appellee sued the appellant automobile dealership seeking to recover for injuries allegedly caused by the negligence of one of its employees in operating one of its vehicles. The appellant moved for summary judgment on the ground that the employee had not been acting within the scope of his employment when the accident occurred, and the case is before us on interlocutory appeal from the denial of that motion.

The employee, Michael Mitchel, worked in the appellant's service department, which was managed by his brother, Max. The vehicle involved in the accident, a pickup truck, was primarily used by Max for business purposes and to drive to and from work. According to affidavits submitted by Max and by the dealership's manager, Michael had been expressly instructed never to drive any of the dealership's vehi-

cles, and, to their knowledge, he had never violated those instructions prior to the accident which gave rise to this suit.

The accident occurred about midnight on a Saturday. That afternoon, Max had driven himself and Michael to the dealership in the truck to attend a company fish fry, but Max had later left with a girl friend in her vehicle. Max averred in his affidavit that Michael was not at the dealership when he left and that it was his understanding that he had left with one of the other employees. In fact, Michael had driven the truck home, using a spare set of keys which he had removed from Max's pants pocket approximately a week earlier. Michael had taken the keys pursuant to Max's instructions but was to have placed them in the ashtray of the truck preparatory to their leaving on a personal trip to Tennessee, so that other dealership employees would be able to use the vehicle while they were gone. Instead, he had secretly kept the keys.

After arriving home from the fish fry, Michael watched television for a while and then left in the truck with the intention of driving to a convenience store about five miles away to get something to eat and drink. The accident occurred while he was en route to the store. Michael admits that he did not have permission to drive the truck and that he was not using it for any purpose connected with the appellant's business at the time of the accident. *Held*:

" 'To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment.' [Cit.] 'The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master. [Cit.]' [Cit.]" *Corum v. Edwards-Warren Tire Co.*, 110 Ga. App. 33, 34 (1) (137 SE2d 738) (1964).

Where an employee is involved in a collision while driving his employer's vehicle, a presumption arises that the employee was in the service of the employer; however, this presumption may be rebutted by "clear, positive and uncontradicted evidence." *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). We hold that this was done in the present case. Based on the uncontradicted testimony of record, it is apparent as a matter of law that Michael, though operating a company vehicle, was not in the service of his employer at the time the collision occurred but was on a purely personal mission. Accord *Curtis, Inc. v. Kelley*, 167 Ga. App. 118 (305 SE2d 828) (1983); *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738 (356 SE2d 693) (1987); *Whelchel v. Laing Properties*, 190 Ga. App. 182 (4) (378 SE2d 478) (1989). Consequently, we hold that the trial court erred in denying the appellant's motion for summary judg-

ment.
*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 27, 1991.

*Simpson & Gray, Joseph B. Gray, Jr.,* for appellant.
*Donald A. Starling,* for appellee.