A91A1479. RANDALL MEMORIAL MORTUARY, INC. et al. v. O'QUINN.
(414 SE2d 744)

COOPER, Judge.

On November 16, 1986, appellee was injured in an automobile accident when a car in which he was a passenger collided with a car driven by appellant Nehe Harden, Jr. ("Harden") and owned by ap-

pellant Randall Memorial Mortuary, Inc. ("Randall"). As a result of the accident, appellee suffered extensive facial and head injuries and filed an action against appellants based on negligence and respondeat superior. Harden, the funeral director for Randall at the time of the accident and at the time of trial, testified that another employee was scheduled to report for work at the funeral home the morning of the accident to relieve Harden from his work shift. Harden was the employee's supervisor and also his personal friend. When the employee was late for work, as he had been at other times in the past, Harden took the company limousine to the employee's house to determine if he was coming to work, since the employee did not have a telephone at his residence. Harden stated that he did not notify anyone that he was going to the employee's house; that he went on his own; that, as funeral director, he did have access to the keys to the company vehicles and that he would typically use company vehicles to perform his work-related duties. He stated that he was the employee's supervisor; that his responsibility was to make sure that employees arrive at work when they are supposed to; that the morning of the accident, Harden needed someone on duty at the funeral home; and that he was prepared to give the employee a ride back to work if he was ready. Harden also stated that he went in an attempt to save the employee's job and that the limousine was not supposed to be used for this purpose. The accident occurred when Harden was on his way to the employee's house.

In the emergency room following the accident, appellee was treated by a Dr. Magnan. Dr. Magnan continued to see appellee through January of 1987. In April 1987, Dr. Magnan's partner, Dr. Freeman, examined appellee and Dr. Freeman again examined appellee in August 1990, prior to trial. In the interim, Dr. Magnan died and his deposition was never taken by either of the parties. Dr. Freeman's deposition was read at trial, and his testimony concerning the initial injury and immediate post-operative care was based on the notes from Dr. Magnan's chart. Those notes were not introduced into evidence. However, the remainder of Dr. Freeman's testimony was based on his own observations of appellee during the two office visits when he examined appellee. After trial, the jury rendered a verdict for appellee and against both appellants in the amount of $100,000. Appellants' motion for new trial was denied.

1. Appellants first enumerate as error the trial court's admission of Dr. Freeman's deposition testimony because they allege that it was based on notes, records and reports not admitted into evidence and prepared by a third party who did not testify at trial. "Generally, an expert cannot state his opinion based upon observations or reports which are not admitted in evidence. On the other hand, an expert can give an opinion based upon facts which he personally observes. And

where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, upon the other's findings. [Cit.]" (Citations and punctuation omitted.) *Westbrook v. State*, 186 Ga. App. 493 (2) (b) (368 SE2d 131) (1988). Whereas the part of Dr. Freeman's testimony that recounted appellee's initial injuries and post-operative care was based upon inadmissible hearsay, Dr. Freeman's opinions as to the extent of appellee's injuries, the residual effects of those injuries, and the prognosis for future recovery were all based upon his own observations of appellee. Thus, even though Dr. Freeman's testimony was based in part on the records of others, we conclude that, due to his own personal observations, his testimony was admissible. See *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. 152 (3) (392 SE2d 897) (1990); *Dual S. Enterprises v. Webb*, 138 Ga. App. 810 (4) (227 SE2d 418) (1976). In the cases relied upon by appellants, *Southern Bell &c. v. Franklin*, 196 Ga. App. 474 (396 SE2d 514) (1990) and *Stouffer Corp. v. Henkel*, 170 Ga. App. 383 (317 SE2d 222) (1984), the opinions do not clearly indicate that the expert's opinion was based on his own observations of the patient, despite reliance by the expert on records of other professionals. It appears that in those cases, as well as in *Andrews v. Major*, 180 Ga. App. 393 (349 SE2d 225) (1986), also cited by appellants, the expert's opinion was based only on the records of another. Thus, these cases do not require us to find error with the trial court's decision.

2. Appellants next enumerate that the trial court erred in denying the motion for new trial because the evidence was insufficient to support the verdict as to appellant Randall. " '[A] . . . judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict.' [Cit.]" *Horan v. Pirkle*, 197 Ga. App. 151 (2) (397 SE2d 734) (1990). " ' "To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment." (Cit.) "The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master. (Cit.)" (Cit.)' [Cit.]" *Coffee Chrysler-Plymouth-Dodge v. Nasworthy*, 198 Ga. App. 757, 758 (403 SE2d 453) (1991). The jury was properly charged as to the master's liability for acts of a servant. The jury heard the testimony of Harden as to his motives and his actions. Despite Harden's contention that he was on a strictly personal mission to save the employee's job, the evidence showed that the employee was needed at the funeral home for a scheduled work shift and that Harden, as the supervisor who had responsibility over employees, endeavored to se-

cure the needed staff for the funeral home through the use of a company vehicle. " ' "[T]he presence of (a personal) motive or purpose in the servant's mind does not affect the master's liability, where that which the servant does is in the line of his duty and in the prosecution of the master's work." It was at least a jury question as to whether or not there was a deviation, and, if so, whether the deviation was so slight as not to affect the master's responsibility for the servant's act.' [Cit.]" *Bacon v. News-Press & Gazette Co.*, 188 Ga. App. 703, 704-705 (373 SE2d 797) (1988). Considering Harden's testimony, we cannot conclude that there was no evidence to support the jury's verdict. This enumeration is without merit.

3. Appellant lastly enumerates that the trial court erred in denying the motion for new trial because the jury verdict of $100,000 was excessive. Appellee showed at trial actual property loss and medical bills totaling $19,200. However, there was detailed testimony from the appellee's family members, who were also in the accident, as to the extent of appellee's physical injuries and the substantial damage the accident caused to appellee's quality of life. "The only guideline for awarding damages for pain and suffering is the enlightened conscience of an impartial jury. [Cits.] If the award is not so flagrant as to 'shock the conscience,' it will not be disturbed on appeal. [Cits.]" *Stover v. Atchley*, 189 Ga. App. 56 (2) (374 SE2d 775) (1988). Considering the record, we cannot say that the verdict "shocks the conscience," and this enumeration, too, is without merit.

*Judgment affirmed. Pope, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED JANUARY 22, 1992.

*William C. Randall,* for appellant.

*Martin, Snow, Grant & Napier, Phillip A. Sibley, Joseph E. Williams, Jr.,* for appellee.