A92A1591. HUNT v. THE STATE.
(423 SE2d 24)

McMURRAY, Presiding Judge.

We granted an interlocutory appeal in this drug case to consider whether the trial court erred in denying defendant's motion to suppress evidence. We conclude that defendant's motion to suppress was denied properly and affirm.

The State introduced the following evidence at the motion to suppress hearing: Responding to information from a "concerned citizen" that defendant Jesse Lee Hunt, Jr. and Larry Hunt were returning to "their residence on South Jefferson Street" in a white Chevrolet Spectrum and that they were in possession of a large quantity of cocaine, Dougherty County police officers "set up surveillance within the target location." The Hunts were already "under suspicion for drug trafficking" because three or four weeks previously the police were told that "they were both involved in illegal drug transactions."

The officers spotted the described vehicle approximately one block from defendant's residence and they pulled in front of it in an attempt to "execute a traffic stop." Defendant was driving the vehicle; Larry White was sitting in the passenger seat.

Upon the activation of the blue lights of the police, defendant backed the vehicle up and traveled about three blocks in reverse. In the meantime, Larry Hunt threw a small white object out the window. The police stopped the vehicle and retrieved the object — it was cocaine. *Held*:

In *California v. Hodari D.*, 499 U. S. ___ (111 SC 1547, 113 LE2d 690), two police officers patrolled a high-crime area in an unmarked car. The officers were dressed in street clothes, but the fronts and backs of their jackets bore the word "Police." The officers rounded a

corner and saw a small band of youths gathered around a small car. At the sight of the officers, the youths took flight and the small car left hastily. The officers became suspicious and gave chase. One officer took off in the car; the other, Officer Pertoso, took off on foot. One of the youths, Hodari, headed north, looking behind as he ran. When he turned around he realized that Officer Pertoso, who had taken a circuitous route, was heading south on the same street and was almost upon him. At that point, Hodari tossed away a "small rock" which turned out to be crack cocaine. A moment later, Officer Pertoso tackled Hodari, placed him in handcuffs, and called for assistance.

Hodari moved to suppress the crack cocaine in the juvenile proceeding that had been brought against him. The juvenile court denied the motion but the California Court of Appeals reversed, holding that Hodari had been illegally "seized" when he saw Officer Pertoso running towards him, and that the crack cocaine was the fruit of the illegal seizure. The California Supreme Court denied the State's application for review and the United States Supreme Court granted certiorari.

The high court reversed, reasoning that at the time he dropped the crack cocaine, Hodari had not been "seized" within the meaning of the Fourth Amendment. In reaching its decision, the Supreme Court looked to the common law of arrest and concluded that in Fourth Amendment terms a person is not "seized" unless an officer applies physical force, however slight, or the person submits to an officer's "show of authority." Turning to the facts of the case, the Supreme Court observed that when Hodari discarded the crack cocaine he was still in a state of flight: He was untouched by Officer Pertoso; he did not submit to the officer's "show of authority." Thus, the Supreme Court ruled that the crack cocaine that Hodari abandoned was not the fruit of an illegal seizure.

In the case sub judice, as in *California v. Hodari D.*, supra, defendant was not "seized" when the cocaine was abandoned. He had not been touched by the officers; he did not submit to the officers' "show of authority" — the flashing blue lights. Simply put, defendant was in a state of flight when the cocaine was discarded and it cannot be said that it was the fruit of an illegal arrest.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 15, 1992.

*Brimberry, Kaplan, Campbell & Donaldson, Mark D. Brimberry,* for appellant.

*Britt R. Priddy, District Attorney, Nancy G. Grigg, Assistant*

*District Attorney,* for appellee.