## A93A0273. ANDERSON v. THE STATE.
(434 SE2d 122)

Pope, Chief Judge.

Defendant Alphonso Anderson was charged with obstruction of an officer and possession of cocaine with intent to distribute. He entered a plea of not guilty and filed a motion to suppress evidence on the ground it was illegally seized. The trial court denied the motion to suppress and defendant petitioned this court for interlocutory appeal, which we granted. Defendant challenges the admissability of the seized evidence on the grounds that the initial detention of the defendant was illegal and the warrantless search conducted by the officer was without probable cause.

The facts presented at the committal hearing and the hearing on defendant's motion to suppress show that on August 2, 1991, Officer Howard, employed as an investigator by the Albany-Dougherty County Drug Unit, was on routine patrol when he observed defendant in a high drug activity area at 12:30 a.m. Because he knew defendant was on probation or parole, the officer called defendant over to his car in order to inquire about the stipulations of defendant's sentence. According to the officer who was on patrol with Officer Howard, defendant kept walking. After the two officers exited their vehicle, defendant stopped. According to both officers, defendant made a motion with his hand, as if to reach into his pocket and throw something into the air. According to Officer Howard, defendant acted "like he was trying to get something out of his pocket." Thereafter, defendant became belligerent and argumentative and was placed under arrest for obstruction of an officer. Subsequently, Officer Howard inspected the area in which the defendant had been standing and picked up from the ground two plastic bags containing a substance which appeared to be, and later tested to be, cocaine. Accordingly, defendant was transported to the Dougherty County Jail and was arrested for possession of cocaine with intent to distribute.

The record shows defendant was serving a probationary sentence for a conviction for sale and distribution of cocaine. As part of the sentence, defendant signed an agreement to submit to a search whenever requested to do so by a probation officer or any law enforcement officer. The trial court denied defendant's motion to suppress, finding that the detention and search of defendant were not illegal because defendant had relinquished his Fourth Amendment rights by consenting to search pursuant to the terms of his probationary sentence. Relying upon *Owens v. Kelley*, 681 F2d 1362 (11th Cir. 1982), defendant argues that although the terms of his sentence are enforceable, his consent to search may not be used for purposes of harassment or as a subterfuge for a criminal investigation under circumstances in which a search warrant should be obtained.

In *Owens v. Kelley*, the Eleventh Circuit Court, reviewing language identical to that involved in the probationary sentence in this case, ruled the condition allowing warrantless searches did not violate the Fourth Amendment. We note, however, that this does not mean that any and all searches for whatever reason are authorized by a warrantless search provision in a probationary sentence. In *Griffin v. Wisconsin*, 483 U. S. 868 (107 SC 3164, 97 LE2d 709) (1987), the United States Supreme Court indicated that as long as a search is conducted in reliance upon the terms of probation, the Fourth Amendment protection against unreasonable searches may be satisfied by something less than probable cause to search so long as there is at least reasonable grounds for the search. Thus, while a probationer's consent to search may relax the Fourth Amendment standard for a search of the probationer, he does not waive all Fourth Amendment rights by agreeing to submit to a search at the request of a probation or law enforcement officer. Thus, the trial court erred in concluding that defendant relinquished his Fourth Amendment rights by consenting to the conditions of his probation.

In determining whether a search conducted in reliance upon the terms of probation is constitutional, it is necessary to determine whether there was reasonable grounds for the search. For example, in cases involving the enforcement of a probationer's consent to submit to urinalysis, the appellate courts of Georgia have ruled that the results of such a test are admissible if the test was conducted either as a routine incident of probation supervision (*Smith v. State*, 250 Ga. 438 (298 SE2d 482) (1983)) or was based upon reasonable grounds for suspecting criminal activity (*Green v. State*, 194 Ga. App. 343 (390 SE2d 285) (1990)). The same rule should apply to the fruits of a warrantless search conducted in reliance upon a probationer's consent to search. This rule was applied by the United States Court of Appeals for the Ninth Circuit in *United States v. Johnson*, 722 F2d 525 (9th Cir. 1983). " 'The rule is that there must be some conduct reasonably suggestive of criminal activity to "trigger" the search.' [Cit.]" Id. at 527.

The evidence at issue in this case, however, was not seized as a result of a search of the defendant. Instead, it was discovered upon an inspection of the ground where defendant abandoned the evidence before he submitted to the officer's request to stop, was placed under arrest or was searched. Even if, as defendant argues, the officer's detention of him was unlawful, the evidence was not the fruit of a seizure, legal or illegal, and is admissible. See *California v. Hodari D.*, 499 U. S. ___ (111 SC 1547, 113 LE2d 690) (1991). Thus, the trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 14, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Dorough & Sizemore, Kermit S. Dorough, Jr.,* for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney,* for appellee.