A95A1284. SMITH v. THE STATE.
(458 SE2d 704)

SMITH, Judge.

Eddie Smith was convicted of possession of cocaine following a jury trial. Smith's motion for new trial was denied, and he appeals.

1. The trial court's charge to the jury made it abundantly clear that it was the State's burden to prove Smith guilty beyond a reasonable doubt as to each and every element of the offense charged. Accordingly, Smith's attempt to show that the use of the phrase "moral and reasonable certainty" within that charge constituted reversible error is controlled adversely to him by the holding of the Supreme Court in *Burgess v. State*, 264 Ga. 777, 787 (28) (450 SE2d 680) (1994). See also *Baldwin v. State*, 264 Ga. 664-666 (1) (449 SE2d 853) (1994).

2. Smith contends that the cocaine seized by police was the product of an illegal arrest, and therefore the trial court erred in denying his motion to suppress. We disagree. It is undisputed that Smith was in a state of flight when he discarded the cocaine he now seeks to suppress, and contrary to Smith's arguments, being chased is *not* tantamount to being "seized" in violation of the Fourth Amendment. See *California v. Hodari D.*, 499 U. S. 621 (111 SC 1547, 113 LE2d 690) (1991); *Hunt v. State*, 205 Ga. App. 490, 491 (423 SE2d 24) (1992). Under such circumstances, even if we assume that Smith ultimately was illegally seized and detained after being chased, that would not serve as a basis to suppress the cocaine at issue, since the contraband was discarded before the seizure effectively occurred. *Hodari D.*,

supra at 629; *Anderson v. State*, 209 Ga. App. 676, 677 (434 SE2d 122) (1993). Smith's enumerations on this ground are therefore without merit.

3. Smith contends that when the trial court recharged the jury on the law of controlled substances it should also have recharged the jury on the concept of reasonable doubt, on defenses at trial, and on the State's burden of proof. We find no merit in this contention. See, e.g., *Bowles v. State*, 168 Ga. App. 763, 765 (4) (310 SE2d 250) (1983) (recharges are to be evaluated "as a part of the whole charge"); *Schwerdtfeger v. State*, 167 Ga. App. 19, 21 (2) (305 SE2d 834) (1983) (no error where "main charge was replete with references to the principle of reasonable doubt").

4. The testimony of the arresting officer to the effect that he saw Smith throw down "a clear ziplock bag" right before he jumped a fence, along with testimony that the officer returned to the area after apprehending Smith and recovered the clear bag, which contained 32 hits of crack cocaine, was sufficient to authorize Smith's conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 28, 1995.

*Maria T. Gonzalez*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney*, for appellee.