A97A1103. WALKER v. THE STATE.
(493 SE2d 193)

BIRDSONG, Presiding Judge.

Tallas Damon Walker a/k/a Tallas Demon Walker appeals his convictions for possession of cocaine with intent to distribute and misdemeanor obstruction of an officer.

On November 14, 1994, an investigator for the Douglas County District Attorney's office saw appellant's vehicle parked by the roadside. The investigator, Lt. Cosper, turned around to follow appellant, but appellant's vehicle was gone. Cosper saw another officer, Lt. Streetman, traveling in the same direction as appellant's car and radioed him to get the tag number. Streetman was in charge of inmate labor details at the sheriff's office; his pickup truck had no blue light or siren but did have a sheriff's star on each door and lettering showing it to be a "Sheriff's Corrections" vehicle. Appellant was driving too fast for Streetman to get the tag number, but Streetman caught up with appellant's car when it stopped at an intersection behind other cars. Streetman got the tag number, and appellant sped away and disappeared around a curve. When Streetman caught up with the car, it was parked by the side of the road.

Streetman did nothing to cause appellant to stop his vehicle. Appellant exited his vehicle, but Streetman told him to get back in, and he did so. When Cosper arrived, appellant and his companion, Larry McCowan, got out of the car and ran into the woods. Streetman tackled McCowan. Another officer testified that appellant was captured without incident. Meanwhile, Cosper went to the abandoned vehicle and saw on the front seat a set of drug scales, which he seized. He also saw a bag on the passenger side on the floorboard, and in it he could clearly see what he thought to be drugs. The cocaine in the bag tested as weighing 110.8 grams with 84 percent purity. A narcotics officer recorded an interview in which appellant admitted the cocaine was his. At a pre-sentence hearing appellant admitted under oath that he and McCowan bought the cocaine at Perry Homes in Atlanta with the intent to sell it.

Appellant enumerates 11 errors involving the denial of his motion to suppress, the hearsay nature of the state's evidence as to the purity of the cocaine, the lack of evidence of "physical resistance" to support the conviction for obstruction, an improper jury charge, and the trial court's denial of his motion to correct the spelling of his

name on the indictment from "Demon." *Held*:

1. In two enumerations appellant complains of the denial of his motion to suppress, on grounds that the evidence was seized when officers stopped and searched defendant's automobile without an articulable suspicion of unlawful activity.

Appellant's entire arguments are based on his contention that the law enforcement officers stopped and searched appellant's vehicle without an articulable suspicion of unlawful activity. See *State v. Holton*, 205 Ga. App. 434 (422 SE2d 295). These arguments completely skew the facts of the case.

The evidence shows without material dispute that the officers did not stop appellant's vehicle and that appellant abandoned the vehicle before officers saw contraband in plain view. Whether the officers had an articulable suspicion authorizing them to stop appellant does not rise to issue, for they did not direct him to stop. It is well established that police do not require an articulable suspicion merely to approach a voluntarily stopped vehicle. See *Jordan v. State*, 223 Ga. App. 176 (477 SE2d 583); *Crosby v. State*, 214 Ga. App. 753 (449 SE2d 147); *O'Donnell v. State*, 200 Ga. App. 829 (409 SE2d 579). Police may approach a parked vehicle merely to inquire of the occupant's well-being. Id. at 832.

Moreover, appellant was not "seized" when he first got back in the car at Streetman's command. *California v. Hodari D.*, 499 U. S. 621, 624 (111 SC 1547, 113 LE2d 690). He was not "seized" until he was finally arrested. We have followed *Hodari D.* in *Smith v. State*, 217 Ga. App. 680 (458 SE2d 704); *Anderson v. State*, 209 Ga. App. 676 (434 SE2d 122); and *Hunt v. State*, 205 Ga. App. 490 (422 SE2d 24), ruling that when drugs are discarded during flight or before the suspect is "seized," they are admissible as evidence even if there is an issue about the officer's probable cause or articulable suspicion.

Further, appellant *abandoned* his vehicle and the drugs in it. Therefore, no search of the vehicle was unlawful even if drugs had not been in plain view. *Burgeson v. State*, 267 Ga. 102 (475 SE2d 580); *Hunt v. State*, supra. The constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned. *Williams v. State*, 171 Ga. App. 546, 547 (2) (320 SE2d 389). When the person prejudiced by the search has voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question, he can no longer retain a reasonable expectation of privacy with regard to it at the time of the search. Where a defendant is in a state of flight when he discards or abandons property which he now seeks to suppress, his being pursued does not result in the "seizure" of property he abandoned. *Smith*, supra at 680-681.

Police pursuit does not of itself render abandonment involuntary.

*Williams,* supra at 548. Appellant voluntarily stopped his vehicle, abandoned it and its contents, and fled at the approach of police officers. The evidence in this case was·not the fruit of a "seizure," legal or illegal, and it is therefore not inadmissible. *Anderson,* supra at 677. We note that appellant's flight was a circumstance sufficient to give an articulable suspicion of unlawful activity, but even if they had no such articulable suspicion, the officers were under no legal impediment in examining the abandoned car and its contents. *Guess v. State,* 197 Ga. App. 40, 42 (397 SE2d 453). It was not necessary that the cocaine spied by the officer be in "plain view." However, it ·was in plain view, and thus nothing prevented the officers from seizing it. *Galloway v. State,* 178 Ga. App. 31, 34 (342 SE2d 473).

2. It is not true that the state's expert witness based her testimony as to the amount and purity of the cocaine on hearsay. The expert, a crime lab employee, performed the gas chromatography/ mass spectrometry test herself and determined the two bags of cocaine tested had a purity of 84 percent and 85 percent, respectively. Her testimony was not rendered hearsay by the fact that a technician performed a routine function of "shooting" the cocaine into the machine to obtain results on a graph according to a preset computer program, which the witness then studied before arriving at her scientific conclusions. That the witness formed her conclusions based on raw data obtained by the technician does not render her conclusion hearsay. See *Randall Memorial Mortuary v. O'Quinn,* 202 Ga. App. 541 (414 SE2d 744). See also *Taylor v. State,* 174 Ga. App. 900, 901 (331 SE2d 920), where a crime.lab expert gave his opinion based on three tests, one of which was performed by someone else, quoting *Cochran v. State,* 151 Ga. App. 478, 481 (260 SE2d 391), we held that where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based in part on the other's findings. See also *Oldham v. State,* 205 Ga. App. 268 (422 SE2d 38) where we held generally that it is not necessary to have testify the person who performed the test or the person who ordered the test, because.the test results are purely factual data; the numerical result of alcohol concentration level is determined by the machine used to administer the test, not by the person who performs the test.

The trial court did not err in denying appellant's directed verdict motion on these grounds. We note that appellant did not object to the testimony as hearsay at trial and cannot raise the issue of hearsay (right to confrontation) here. *Thornton v. State,* 264 Ga. 563 (449 SE2d 98).

3. The trial court did not err in refusing to charge on possession of cocaine as a lesser included offense of possession with intent to distribute, since the evidence shows that either appellant possessed the cocaine in an amount sufficient to constitute possession with intent

to distribute, or he did nothing. See *Reed v. State*, 222 Ga. App. 376 (474 SE2d 264); *Parham v. State*, 218 Ga. App. 42, 44 (3) (460 SE2d 78).

4. Appellant was properly convicted of obstruction of an officer for his acts of flight, as a misdemeanor. Flight is sufficient in certain cases to constitute misdemeanor obstruction of an officer. *Anderson v. State*, 223 Ga. App. 125, 126 (476 SE2d 852). However, the state concedes that the trial court erred in sentencing appellant as for *felony* obstruction.

5. Assuming that appellant has shown competent evidence that his name is "Damon" and not "Demon," we would hold that the trial court erred on the side of incaution in refusing to correct appellant's name on the indictment from "Demon" to "Damon." Where it would cost nothing to correct a name that is obviously inherently prejudicial, it is better to correct the name. However, as the evidence against appellant is overwhelming, we do not think any error in this regard affected the verdict. *Hamilton v. State*, 239 Ga. 72 (235 SE2d 515).

The convictions are affirmed on condition that the trial court strike the sentence for felony obstruction and enter a sentence for misdemeanor obstruction.

*Judgment affirmed on condition. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1997.

*Law Offices of Johnny B. Mostiler, Daniel L. Britt, Jr., Harry W. Krumenauer*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.