## A99A1447. BROWN v. THE STATE.
(522 SE2d 41)

RUFFIN, Judge.

Jimmy Lee Brown was convicted of possession of cocaine with intent to distribute. He appeals, contending that he received ineffec-

tive assistance of trial counsel and that the trial court erred in allowing the jury to view a videotape of Brown's traffic stop on three occasions during deliberations. We affirm.

1. Brown contends that trial counsel was ineffective for failing to pursue a motion to suppress evidence. As our Supreme Court has held,

> [t]o prevail on a claim of ineffective assistance of counsel, a defendant has the burden to prove that his counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different.

(Punctuation omitted.) *Columbus v. State*, 270 Ga. 658, 660 (2) (a) (513 SE2d 498) (1999). The defendant has the burden of proof under both prongs of this test. *Zant v. Moon*, 264 Ga. 93, 97 (2) (440 SE2d 657) (1994); *Haynes v. State*, 234 Ga. App. 272, 274-275 (4) (507 SE2d 151) (1998).

The evidence at trial showed that Special Agent Mark Mansfield of the Georgia Bureau of Investigation received a tip from an informant that Brown would be involved in illegal activity while traveling on Old Highway 41. The informant gave Mansfield a description of Brown's vehicle and his direction of travel. Mansfield relayed this information by radio to Chief Deputy Mike Womack of the Lamar County Sheriff's Office. Subsequently, Mansfield and Womack located Brown's vehicle and began chasing it, with Womack activating his lights and siren. After Womack activated his lights, Brown accelerated and attempted to flee. During the chase, Brown threw two plastic bags out the passenger door. These were later recovered by Mansfield and another officer and were found to contain several smaller bags of cocaine. After about two miles, Brown stopped his car and was taken into custody.[1]

Brown contends that trial counsel was ineffective in failing to pursue a motion to suppress evidence resulting from the stop.[2] He contends that the stop of his vehicle was improper because the officers did not have an articulable suspicion that he was engaged in a specific criminal act.

It is undisputed in this case that the cocaine was thrown from

---

[1] After the stop, Deputy Womack searched Brown's pocket and discovered a plastic bag containing a brownish sand-like material. However, this bag was not admitted into evidence at trial.

[2] Trial counsel initially filed a motion to suppress, but subsequently dismissed it on the grounds that it was without merit.

Brown's vehicle while he was fleeing from the police. In *Hunt v. State*, 205 Ga. App. 490 (422 SE2d 24) (1992), a defendant threw cocaine from his vehicle while being chased by the police. Relying on *California v. Hodari D.*, 499 U. S. 621 (111 SC 1547, 113 LE2d 690) (1991), we held that

> defendant was not "seized" when the cocaine was abandoned. He had not been touched by the officers; he did not submit to the officers' "show of authority" — the flashing blue lights. Simply put, defendant was in a state of flight when the cocaine was discarded and it cannot be said that it was the fruit of an illegal arrest.

*Hunt*, supra at 491. Similarly, in *Smith v. State*, 217 Ga. App. 680 (2) (458 SE2d 704) (1995), we held that

> [i]t is undisputed that Smith was in a state of flight when he discarded the cocaine he now seeks to suppress, and contrary to Smith's arguments, being chased is *not* tantamount to being "seized" in violation of the Fourth Amendment. See *California v. Hodari D.*, [supra]. Under such circumstances, even if we assume that Smith ultimately was illegally seized and detained after being chased, that would not serve as a basis to suppress the cocaine at issue, since the contraband was discarded before the seizure effectively occurred.

(Citation omitted.) See also *Milton v. State*, 232 Ga. App. 672, 677 (4) (503 SE2d 566) (1998).

"Where a defendant is in a state of flight when he discards or abandons property which he now seeks to suppress, his being pursued does not result in the 'seizure' of property he abandoned." *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997). Because Brown was in a state of flight when he discarded the cocaine in question, and had not submitted to any show of authority by the police, the cocaine was not discovered as a result of an illegal search or seizure, regardless of whether the police had probable cause to stop Brown's vehicle. Accordingly, "a motion to suppress would have been meritless, and [Brown's] . . . counsel was therefore not ineffective for failing to [pursue] such motion." *Crews v. State*, 226 Ga. App. 232, 233 (1) (486 SE2d 61) (1997).

2. During deliberations, in response to requests from the jury, the trial court allowed the jury on three occasions to view a videotape of the traffic stop. The jury indicated that it was interested in the two instances when Brown opened the car door to throw the cocaine out. After the tape had been replayed twice, one of the jurors stated that "[t]here is a difference of opinion about what some people are seeing

and what is not seen and I wanted to . . . point out a particular part of the picture that is in question." The trial court allowed the jurors to review the tape again, but stated that they could not take the tape into the jury room because that would "place[ ] undue emphasis on that piece of evidence rather than any other." Brown's attorney did not object to replaying the videotape.

On appeal, Brown contends that the trial court erred in replaying the videotape for the jury, and that this constituted "plain error" so as to require reversal even absent an objection. See *Sanchez v. State*, 234 Ga. App. 809, 811 (3) (508 SE2d 185) (1998). However, "[i]t has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations." (Punctuation omitted.) *Nobles v. State*, 233 Ga. App. 63, 65 (4) (503 SE2d 321) (1998). In this case, we cannot say that the trial court abused its discretion in allowing the jury to review the videotape several times, particularly since the jurors indicated that there was disagreement over what they believed the videotape showed. Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 18, 1999.

*Virgil L. Brown & Associates, Russell B. Mabrey, Jr., Larkin M. Lee*, for appellant.

*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.