## A00A2167. WATSON v. THE STATE.

(544 SE2d 469)

JOHNSON, Presiding Judge.

Denandias Watson was found guilty of possession of cocaine, carrying a concealed weapon, obstruction of an officer, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. He appeals from the convictions, arguing that the trial court erred in denying his motion to suppress the gun and cocaine. We affirm the convictions.

Viewed in a light most favorable to the trial court's determination, the evidence shows the following. At approximately 10:00 p.m., police officers were riding in a marked patrol car when they noticed Watson and his brother standing next to Watson's brother's car. The car was parked in front of Watson's brother's house, against the flow of traffic. The police officers drove toward the vehicle. Watson, who was standing next to the driver's door, looked up at the patrol car, closed the car door, then walked to the rear of the car, where his brother was standing. Watson's hands were inside the waistband of his pants. As the police car pulled up to the rear of Watson's brother's car, Watson started running down the driveway. The officers stopped their car next to the driveway and in front of Watson's brother's car. Two of the officers got out of the police car and began pursuing him on foot. As soon as one of the officers got to the driveway, Watson tossed a clear plastic bag containing a tan-colored material onto the ground. The officers followed Watson into the backyard. Watson reached back into his waistband. Thinking that Watson might be reaching for a gun, the officer drew his own gun. Watson then threw a black object onto the grass. The officers captured Watson as he rounded the corner of the house. They found a black handgun and a plastic bag containing crack cocaine on the ground.

Watson moved to suppress the gun and cocaine, claiming the officers improperly seized him by blocking his brother's car with their patrol car. The trial court denied the motion, holding that at the time Watson abandoned the items, he had not been seized. We agree with the trial court.

When contraband is discarded during flight or before a suspect is seized, it is admissible as evidence, even if there is an issue as to whether the officers possessed reasonable suspicion of criminal activ-

ity.[1] The constitutional protection of the Fourth Amendment does not apply to property which has been abandoned.[2] In this case, Watson was in a state of flight when he discarded the contraband he now seeks to suppress. Being chased is not tantamount to being seized, since seizure requires the application of physical force by the officer or submission by the defendant to the officer's show of authority.[3] Thus, Watson's abandonment of the contraband before he was seized requires a finding that those items were not the fruits of an illegal arrest.[4]

Contrary to Watson's claim, the officers did not seize him by parking their patrol car in a manner that may have prevented his brother's car from being moved.[5] As stated above, a person is seized where either the officer applies physical force or the person submits to the officer's show of authority.[6] Even if the officers restricted the movement of *his brother's car* by parking as they did, they did not apply any physical force to *Watson*, because he was not in the car at the time.[7] And Watson did not submit to any show of authority by the officers. Accordingly, the manner in which the officers parked their car did not amount to a seizure of Watson.

We note that the Fourth Amendment was not implicated by the officers' approach of Watson as he stood outside the parked car. Police officers may lawfully approach a person who is on foot to make inquiries, and they may lawfully approach a stopped vehicle to inquire about possible criminal activity without the Fourth Amendment being implicated.[8] The officers did not need reasonable suspicion to approach Watson in this situation.[9]

The trial court did not err in denying Watson's motion to suppress.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[1] See *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997); *Smith v. State*, 217 Ga. App. 680 (2) (458 SE2d 704) (1995).

[2] See *Walker*, supra.

[3] *Smith*, supra; *Hunt v. State*, 205 Ga. App. 490, 491 (423 SE2d 24) (1992).

[4] See *Hunt*, supra; *Redd v. State*, 229 Ga. App. 364, 366 (494 SE2d 31) (1997); *Anderson v. State*, 209 Ga. App. 676, 677 (434 SE2d 122) (1993); *Walker*, supra.

[5] See *Quinn v. State*, 221 Ga. App. 399, 402 (3) (471 SE2d 337) (1996) (physical precedent only), aff'd, 268 Ga. 70 (485 SE2d 483) (1997).

[6] *Davis v. State*, 237 Ga. App. 890, 891 (517 SE2d 115) (1999).

[7] Compare *Fowler v. State*, 195 Ga. App. 744, 745 (395 SE2d 254) (1990) (detention of defendant without reasonable suspicion illegal where officer caused defendant to stop his vehicle by blocking its path with police car).

[8] *Davis*, supra.

[9] Although we hold that there was no seizure here before the officers captured Watson and reasonable suspicion was not required, we note that parking against the flow of traffic is a traffic violation and would have supported a brief stop of the vehicle. See OCGA § 40-6-200 (b); *Mack v. State*, 212 Ga. App. 187, 189 (1) (441 SE2d 503) (1994).

DECIDED JANUARY 8, 2001.

*Jennifer Snyder-Surges*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Gregory K. Schwarz, Assistant District Attorneys*, for appellee.