A01A2024. GRAY v. THE STATE.
(562 SE2d 712)

MIKELL, Judge.

Anthony Gray was convicted of violating the Georgia Controlled Substances Act. On appeal, he claims the trial court improperly sentenced him and erred in dismissing his motion to suppress. For the reasons set forth below, we disagree and affirm.

1. A motion to suppress must be in writing and state facts showing that the challenged search and seizure were unlawful.[1] Gray's

---

[1] OCGA § 17-5-30 (b).

motion to suppress shows that shortly after midnight on February 13, 1999, he was riding as a passenger in his Nissan Maxima, which a woman was driving. Police officers observed a male prowling around some abandoned houses before getting into Gray's car, which sped off. An officer advised a nearby police unit to stop the Nissan, and the patrol car activated its blue lights as Gray's vehicle approached. As soon as the patrol car turned on its blue lights, Gray jumped out of the Nissan and ran. Police saw Gray throw down a paper bag containing marijuana and cocaine.

The trial court dismissed Gray's motion to suppress on the grounds that he lacked the standing to assert a privacy interest in the discarded bag. Citing *Migliore v. State of Ga.*,[2] Gray argues that when the police stopped the car it constituted a violation of his Fourth Amendment right against unreasonable seizure of his person, and that he has standing to challenge the introduction of all evidence obtained after the car was stopped.

We conclude that Gray's motion to suppress shows on its face that it should not be granted, and so the trial court did not err in dismissing it. Our analysis is governed by *California v. Hodari D.*,[3] in which the United States Supreme Court held that a suspect who discarded cocaine while fleeing the police had not been seized according to the Fourth Amendment. "An arrest requires *either* physical force . . . *or*, where that is absent, *submission* to the assertion of authority."[4] Although Gray's vehicle was signaled to stop in a police show of authority, Gray immediately fled the car. Gray had not submitted to authority, nor was he in physical custody, when his car was stopped or when he discarded the paper bag containing the illegal drugs. And because Gray discarded the bag, he had no expectation of privacy with regard to its contents.[5] Although Gray contends that his car was stopped without reasonable suspicion, stopping the car did not amount to the seizure of his person under the facts presented, and the bag of drugs was not found in the car. Accordingly, Gray's motion to suppress is without merit even if police stopped Gray's car without reasonable suspicion of criminal activity.[6]

---

[2] 240 Ga. App. 783, 787 (525 SE2d 166) (1999). See also *United States v. Dumas*, 94 F3d 286, 290 (7th Cir. 1996).

[3] 499 U. S. 621 (111 SC 1547, 113 LE2d 690) (1991).

[4] (Emphasis in original.) Id., 499 U. S. at 626.

[5] See *Brown v. State*, 239 Ga. App. 674, 676 (1) (522 SE2d 41) (1999); *Molaro v. State*, 236 Ga. App. 35, 37 (1) (510 SE2d 886) (1999); *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997); *Mann v. State*, 196 Ga. App. 730, 731 (1) (397 SE2d 17) (1990).

[6] *Brown*, supra, 239 Ga. App. at 676. For purposes of the United States Supreme Court's analysis in *Hodari D.*, the Court assumed the police did not have sufficient reasonable suspicion to stop the suspect under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). *Hodari D.*, supra, 499 U. S. at 624, n. 1.

2. Gray claims the trial court erred in sentencing him as a recidivist by (a) considering his prior disposition under the First Offender Act,[7] (b) counting his conviction for possession of a firearm, which he contended was void on its face, and (c) failing to specify whether he was sentenced under OCGA § 17-10-7 (a) or (c). We disagree.

Gray contends that one of the four convictions presented for the trial court's consideration was a first offender disposition, and there is no evidence that the first offender treatment was revoked and a conviction entered. The status of Gray's first offender disposition was irrelevant, however, because three other felony convictions were presented to the trial court, which is all that is required for recidivist treatment under the applicable statutes.[8] Gray contends that the reference in his sentence for possession of a firearm to his first offender sentence shows that his first offender status must have been revoked in order for his conviction for possession of a firearm to be valid. However, possession of a firearm within a first offender probationary period is a felony under OCGA § 16-11-131. This argument is without merit.

Gray also claims the trial court erred in applying the recidivist statutes to his sentence. The trial court sentenced Gray to 30 years to serve for possession of cocaine. The sentence was entered "considering the prior criminal history of the defendant." The final disposition indicates Gray was sentenced "pursuant to recidivist punishment three or more prior felony convictions."

It is apparent from the record that Gray had three prior felony convictions, including two prior convictions for possession of cocaine. Thirty years is the maximum sentence under OCGA § 16-13-30 (c) for a subsequent conviction of possession of cocaine. OCGA § 17-10-7 (a) applies to sentencing for possession of cocaine where there have been three prior felony convictions,[9] and the trial court imposed the maximum sentence as required thereunder and chose not to suspend or probate the sentence. Gray will be required to serve the entire sentence received as he is a recidivist offender under OCGA § 17-10-7 (c).[10] The trial court was not required to "choose" to sentence Gray under either subsection (a) or (c) of OCGA § 17-10-7, as Gray contends. We can see no basis for requiring the trial court to write or orally state that a sentence is subject to "OCGA § 17-10-7 (c)," as Gray urges, when a felony sentence indicates it is made based on

---

[7] OCGA § 42-8-60.

[8] OCGA § 17-10-7 (a), (c).

[9] See *Papadoupalos v. State*, 249 Ga. App. 300, 301 (1) (548 SE2d 59) (2001) (OCGA § 17-10-7 (a) is not applicable to sentencing for possession with intent to distribute, but does apply to possession).

[10] See generally *Scott v. State*, 248 Ga. App. 542, 545-546 (2) (545 SE2d 709) (2001).

three prior felony convictions. We find no error by the trial court in sentencing.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 25, 2002 —
RECONSIDERATION DENIED MARCH 27, 2002 —

*Steven E. Lister*, for appellant.
Anthony Gray, *pro se.*
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.