## A07A1077. THOMAS v. THE STATE.
(651 SE2d 801)

ADAMS, Judge.

Jerry Thomas appeals from the denial of his motions to vacate his sentence and to withdraw his guilty plea to a charge of possession of methamphetamine. We affirm.

Thomas initially entered a plea of not guilty to the possession charge, and ten days prior to the scheduled trial, the State filed notice of intent to seek recidivist sentencing under OCGA § 17-10-7. On the day of trial, however, Thomas entered a nonnegotiated guilty plea and was sentenced to 30 years, 12 years to serve. His sentence was without parole under OCGA § 17-10-7 (c) due to his prior felony convictions.

1. Thomas contends that the trial court should have granted his motion to withdraw his guilty plea because it was error for the court to accept his plea without, as required by Uniform Superior Court Rule 33.8 (C) (3), first informing him, and ensuring that he understood, that his sentence was without parole.

This Court will not disturb a trial court's ruling on a motion to withdraw a guilty plea absent a manifest abuse of discretion. *Schlau v. State*, 261 Ga. App. 303, 304 (1) (582 SE2d 243) (2003). And after sentence has been pronounced, a guilty plea may be withdrawn only to correct a manifest injustice. *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005). "The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (Citation and punctuation omitted.) Id. Moreover, the State bears the burden of establishing that the plea was entered voluntarily, intelligently and knowingly. *Muckle v. State*, 283 Ga. App. 395, 397 (641 SE2d 603) (2007).

At the plea hearing, the trial judge questioned Thomas to determine whether the plea he entered was knowing and voluntary, and Thomas signed a plea form delineating the legal rights waived by the entry of his guilty plea. The trial court confirmed that Thomas had read the form and understood those rights. The trial court also delineated the rights Thomas was giving up by entering his plea and asked whether he had been coerced into entering into the plea or offered something in return for it. Further, the plea form specifically noted that the trial judge could sentence Thomas to a maximum of 30 years. And the trial judge told Thomas that by entering a nonnegotiated plea, the length of his sentence was entirely up to the court and the judge noted that he could receive up to 30 years in prison.

Although the trial judge did not specifically address the issue of parole or recidivist punishment prior to entry of the plea, Thomas's trial counsel discussed the matter with him. The attorney testified at the hearing on the motion to withdraw that despite his recommendation that Thomas should go to trial because he would get "walloped" if he entered a plea, Thomas chose to enter an open-ended plea because he did not want to go to trial. The attorney said he specifically told Thomas before the plea that he would not be eligible for parole if the trial court rejected the attorney's argument that the recidivist statute did not apply. Thomas's trial attorney argued both before and after the entry of the plea that he should not be subject to recidivist sentencing under OCGA § 17-10-7 (c) because OCGA § 16-13-30 (c), which sets out a specific sentencing scheme for multiple drug possession convictions, controlled his sentencing.

When the trial court rejected this argument, Thomas's attorney noted "for the record" that Thomas would be ineligible for parole under OCGA § 17-10-7 (c), but told the court that it retained the discretion to probate any portion of the sentence. The trial judge also stated during the sentencing phase that he was sentencing Thomas under OCGA § 17-10-7 (c) which made him ineligible for parole.

Thus, the record indicates that before entering his plea Thomas had discussed the recidivism issue with his attorney and knew that the possibility existed that he could be sentenced to 30 years without parole. And after the trial court decided the recidivism issue but before sentence was pronounced, his attorney clarified that his sentence would be without parole.[1] While the better practice would have been for the trial court to have resolved the issue of recidivist sentencing and to have informed Thomas of the court's decision before accepting his guilty plea, we cannot say that the trial court abused its discretion in denying the motion to withdraw given the record before us. See *Thompson v. State*, 263 Ga. App. 54, 55 (587 SE2d 208) (2003).

2. Thomas next contends that the trial court erred in sentencing him under the general recidivist provisions of OCGA § 17-10-7 (a) and (c) in light of the specific sentencing scheme set out in OCGA § 16-13-30 (c) for multiple possession convictions. He relies upon the longstanding principle of statutory construction that "a specific statute will prevail over a general statute, absent any indication of a

---

[1] We note that the notifications required under USCR 33.8 (C) (4) "may be developed by questions from the judge, the district attorney or the defense attorney[,] or a combination of any of these."

contrary legislative intent." (Punctuation and footnote omitted.) *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001). We find no merit to this argument.

Initially we note that OCGA § 16-13-30 (c) has no application to Thomas's conviction for possession of methamphetamine. That subsection by its terms applies to "a controlled substance in Schedule I or a *narcotic drug* in Schedule II." (Emphasis supplied.) Methamphetamine does not fall under either category. Rather, it is a Schedule II nonnarcotic drug,[2] and as such it falls under OCGA § 16-13-30 (e), which applies to controlled substances under Schedule II "other than a narcotic drug."

And although subsection (e) sets forth its own specific sentencing scheme for multiple convictions, the trial court did not err in applying the more general provisions of OCGA § 17-10-7 in sentencing Thomas. The Supreme Court of Georgia has expressly rejected Thomas's statutory construction argument in connection with multiple possession convictions under OCGA § 16-13-30. In *Butler v. State*, 281 Ga. 310, 311 (637 SE2d 688) (2006), the Court noted that subsection (e) of OCGA § 17-10-7, as revised and adopted in 1994, expressly states that it is intended to be "supplemental to other provisions relating to recidivous offenders." The Court concluded that this language was intended to make the general recidivist provisions of OCGA § 17-10-7 applicable to cases otherwise falling under specific recidivist provisions, such as those found in OCGA § 16-13-30. *Butler v. State*, 281 Ga. at 312.

In support of this conclusion, the court noted that after adopting the 1994 revisions to OCGA § 17-10-7, the legislature amended subsection (d) of OCGA § 16-13-30, which addresses drug violations committed with the intent to distribute under OCGA § 16-13-30 (b), specifically to provide that OCGA § 17-10-7 (a) does not apply to a second or subsequent conviction under subsection (b). *Butler v. State*, 281 Ga. at 312, n. 3. The Supreme Court explained that "[t]here would be no need for the language in OCGA § 16-13-30 (d) blocking the application of subsection (a) of OCGA § 17-10-7 if [OCGA § 17-10-7] (e) did not otherwise require the general recidivist statute to prevail over the specific recidivist statute." Id. at 312.

Accordingly, we find that because nothing in the language of OCGA § 16-13-30 (e) blocks the application of any provision of OCGA § 17-10-7 to a conviction for simple possession of methamphetamine under OCGA § 16-13-30 (a), the trial court did not err in applying that

---

[2] See OCGA § 16-13-21 (17) (defining "narcotic drug" to include, inter alia, opium, coca leaves and any compound or derivatives thereof, but not methamphetamine); OCGA § 16-13-26 (3) (B) (listing methamphetamine under Schedule II). See also *Hailey v. State*, 263 Ga. 210 (429 SE2d 917) (1993) (recognizing methamphetamine as a Schedule II nonnarcotic drug).

statute in sentencing Thomas.[3] See *Patrick v. State*, 284 Ga. App. 472, 474 (644 SE2d 309) (2007) (application of OCGA § 17-10-7 proper where no prohibition under specific recidivist provisions of shoplifting statute); *Gray v. State*, 254 Ga. App. 487, 489 (2) (562 SE2d 712) (2002) (applying both OCGA §§ 16-13-30 (c) and 17-10-7 (a) to conviction for possession of cocaine, where it was fourth felony conviction).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 11, 2007.

*William B. Hollingsworth*, for appellant.
*Lee Darragh, District Attorney, Elizabeth D. Simmons, Assistant District Attorney*, for appellee.

---

[3] In any event, we find no evidence that the trial court applied subsection (a) of the recidivist statute in this case. In his pronouncement of sentence, the trial court made no reference to OCGA § 17-10-7 (a), although the court repeatedly announced that it was sentencing Thomas under OCGA § 17-10-7 (c). Instead, the judge stated that he was setting the length of Thomas's sentence at 30 years, 12 to serve "simply because of [his] history."