A08A0107. BRANTLEY v. THE STATE.
(660 SE2d 846)

ANDREWS, Presiding Judge.

Roy Jake Brantley appeals from the trial court's order denying his motion to withdraw his guilty plea to the offenses of habitual violator (OCGA § 40-5-58); driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)); failure to maintain lane (OCGA § 40-6-48); and impeding traffic flow (OCGA § 40-6-184). For the following reasons, we affirm.

---

Brantley claims that his guilty plea was not knowingly and voluntarily entered because his legal counsel provided ineffective assistance when counsel deceived him about the length of the sentence he could receive and failed to advise him on procedures for withdrawing the plea.

The record of the plea hearing shows that Brantley was represented by counsel when he entered a nonnegotiated guilty plea to the charges with the understanding that he faced a maximum sentence of eight years to serve; that the length of the sentence was left to the discretion of the trial judge, and that as a repeat offender he would not be eligible for parole if the judge imposed a prison sentence. The record also showed that, when Brantley pled guilty, he understood the nature of the charges; admitted he committed the charged offenses, and that he was fully advised of the consequences of the plea. After the trial judge sentenced Brantley to a total of eight years, with six of those years to serve in confinement, Brantley immediately informed the court that he wanted to withdraw the plea because it was entered through "coercion and deception." When asked by the court to explain, Brantley said that his legal counsel gave him the impression that he was going to get a lesser sentence. Brantley subsequently filed a written pro se motion to withdraw the guilty plea, alleging that, because his trial counsel deceived him, he pled guilty expecting to receive a three-year sentence. At the hearing on the withdrawal motion, Brantley's counsel testified that Brantley understood that, after he pled guilty, counsel would ask the trial judge to consider a sentence in the three to four-year range, but that he made no promise to Brantley that he would receive a three-year sentence. Counsel testified that, prior to the plea hearing, he explained to Brantley the nature of the nonnegotiated plea, and that Brantley understood there was no guarantee as to the length of the sentence the judge would impose. Brantley testified at the hearing on the withdrawal motion and confirmed that counsel's testimony "basically was true, and he didn't promise me that he would get me three years. . . ." Nevertheless, Brantley testified that he told counsel he was going to withdraw his guilty plea if he did not get a three-year sentence, and that trial counsel "didn't tell me that it was impossible [to withdraw the plea] after the sentence was pronounced."

Even a defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, however, the defendant must make a two-prong showing. He must demonstrate that his counsel erred and also establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial. With regard to the performance prong, the question is whether the attorney's advice falls within the range of competence of attorneys in criminal cases.

(Citations and punctuation omitted.) *Williams v. Duffy*, 270 Ga. 580, 581 (513 SE2d 212) (1999). The record shows that, prior to entering the guilty plea, Brantley's counsel explained to him the nature of the nonnegotiated plea, and that Brantley understood the consequences of the plea, including that the trial judge had discretion to sentence him to serve a term of up to eight years. The record does not support Brantley's claim that counsel deceived him about the length of the sentence that could be imposed. Nevertheless, Brantley claims that counsel was ineffective because he failed to inform him that, after the trial judge pronounced sentence, he lost the absolute right to withdraw the guilty plea and could seek withdrawal of the plea only by filing a motion to withdraw to correct a manifest injustice. See OCGA § 17-7-93 (b); *Thomas v. State*, 287 Ga. App. 500 (651 SE2d 801) (2007).

Because the information Brantley claims trial counsel should have given him did not lengthen or alter the pronounced sentence, we find that it was only a collateral consequence attending the guilty plea, and that Brantley had no constitutional right to be advised of such collateral consequence in order for his guilty plea to be valid. *Williams*, 270 Ga. at 581; *Hermann v. State*, 249 Ga. App. 535 (548 SE2d 666) (2001); compare *Rollins v. State*, 277 Ga. 488, 489-491 (591 SE2d 796) (2004) (distinguishing between counsel's failure to advise of collateral consequence attending guilty plea and affirmative misrepresentation of such consequence). Since Brantley's actual knowledge of such collateral consequence was not a prerequisite to entry of a knowing and voluntary guilty plea and did not affect the voluntariness of the plea, counsel's failure to advise Brantley of the collateral consequence of the plea was not constitutionally ineffective assistance. *Williams*, 270 Ga. at 582. The trial court did not err by denying Brantley's motion to withdraw his guilty plea. *Trauth v. State*, 283 Ga. 141 (657 SE2d 225) (2008).

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 4, 2008.

*Sonya Chachere-Compton*, for appellant.
*David McDade, District Attorney*, for appellee.